## AARON MILLER v. WILLIAM RUSHFORTH.

A final decree after enrollment, and execution issued thereon, and after the lapse of nearly three years from the date of the decree, will be set aside for the purpose of correcting a plain and gross mistake in the master's report, although the defendant appeared and demurred to the bill of complaint, and afterwards suffered a decree *pro confesso* to be taken against him, and an *ex parte* report to be made by the master.

THE case was this. The defendant, Rushforth, on the third of April, eighteen hundred and thirty-five, had given to the complainant a mortgage for three thousand dollars, on which the complainant advanced two thousand and four hundred dollars, and for the residue, agreed in writing to pay off a prior mortgage on the same premises, given by the person of whom Rushforth purchased, to Stephen Terhune, one of the defendants, on which there remained due six hundred dollars. The complainant neglected to pay off this mortgage. Rushforth paid the interest yearly to Stephen Terhune, and also paid

[Miller v. Rushforth.]

the interest on two thousand four hundred dollars to the complainant, for which he took loose receipts, but which were not endorsed upon the bond. The three thousand dollar bond to Miller remaining unpaid, the complainant filed a bill to foreclose his mortgage, to which Terhune, as a prior mortgagee, was made a party defendant.

An answer was put in by Terhune. Rushforth appeared and demurred to the bill, and after the demurrer was overruled, obtained an order for further time to answer. No answer having been filed, a decree *pro confesso* was taken against him, with other defendants, and an order of reference made to a master.

The hearing before the master was *ex parte*, and the report and decree were in favor of Terhune for six hundred dollars, the amount of principal remaining due upon his mortgage, with interest; and in favor of the complainant for three thousand dollars of principal, with interest thereon from the date of the mortgage, no credit having been given for the the six hundred dollars of principal, on account of the Terhune mortgage, nor for any payment of interest.

The master's report and final decree bear date on the fifteenth of February, eighteen hundred and thirty-nine. The amount thereby allowed to the complainant, upon his mortgage, exceeded the sum actually due thereon, at the date of the decree, one thousand and fifty-one dollars and eighty-eight cents.

On the fourth of March, eighteen hundred and thirty-nine, an execution was issued upon the decree for the sale of the mortgaged premises. The decree was regularly enrolled. After the mortgaged premises had been advertised for sale upon the execution, and in or about the month of October, eighteen hundred and thirty-nine, the defendant paid to the complainant a bonus of two hundred and nineteen dollars, in consideration that the complainant would suspend further proceedings in said sale, and would give the defendant time to raise the money due on the mortgage. The sale was thereupon suspended.

On the twenty-third of October, eighteen hundred and forty-

one, the defendant paid to the complainant the sum of one hundred dollars upon the mortgage, whereupon the complainant agreed to give the defendant further time, for one year from that day, to pay off the said mortgage. In violation of the last mentioned agreement, the complainant soon afterwards caused the mortgaged premises to be advertised for sale, by virtue of the execution.

The defendant now applied, by way of petition, for relief. The petition was verified by the oath of the petitioner ; and as to the material facts complained of, was sustained by affidavits taken *ex parte.*

The prayer of the petition was, that the said final decree might be opened, and the petitioner have leave to answer, and that it might be referred to one of the masters of the court, to ascertain and report the true amount due the complainant upon his mortgage.

*A. O. Zabriskie,* for petitioner, cited, *Miller* v. *Ford, Saxton,* 367.

*J. D. Miller,* contra.

THE CHANCELLOR directed the decree to be opened and the matter to be referred to a master, to ascertain the amount due upon the complainant's mortgage, without instructions.

The following order was thereupon made.

" This matter coming on to be heard, at the state house, in the city of Trenton, before the chancellor, in the presence of A. O. Zabriskie, of counsel with William Rushforth, the petitioner, and J. D. Miller, of counsel with the complainant, and the depositions being read, and the arguments of the respective counsel being heard and considered : it is, on this twentieth day of January, eighteen hundred and forty-two, ordered, adjudged, and decreed by the chancellor, that the decree heretofore made in this cause, bearing date the fifteenth day of February, eighteen

[Miller v. Rushforth.]

hundred and thirty-nine, be opened for the purpose of ascertaining the amount of credits to which the defendant, William Rushforth, is entitled, by virtue of receipts not heretofore allowed, and also by virtue of the mortgage assumed to be paid by the said complainant, and in the said petition as well as in the complainant's bill of complaint referred to; and that the same be referred to Lewis D. Hardenburgh, esquire, one of the masters of this court, to ascertain the same, and report thereon to this court, with all convenient speed. And it is further ordered, that the execution issued on the said decree, be set aside, and all proceedings on the same be stayed until the further order of this court."