Brumagim *v.* Chew.

### BRUMAGIM *vs.* CHEW.

1. A re-hearing may be ordered at any time before the decree and proceedings are enrolled; but it is a matter of discretion, not of right.

2. A re-hearing is always granted when the Chancellor sees reason to apprehend that a mistake may have been made in the decision, either in law or fact; but never, when the introduction of new evidence is necessary to show the mistake.

This was an application for a re-hearing of the cause on its merits, it having been decided for the complainant upon the final hearing.

*Mr. E. P. Cowles,* (of New York,) for application.

*Mr. E. T. Green,* contra.

THE CHANCELLOR.

As long as the decree and proceedings are not enrolled, it is in the power of the court to order a re-hearing. But granting a re-hearing is a matter of discretion in the court, it is never a matter of right. It was so held by Chancellor Green, in *The N. J. Zinc Co. v. The N. J. Franklinite Co.*, 1 *McCarter* 311; and by Chancellor Kent, in *Travis* v. *Waters*, 1 *Johns. C. R.* 48.

In England, the granting a re-hearing is much a matter of course upon a certificate signed by two counsel. In this state, it has never been a matter of course; but it is always granted when the Chancellor sees reason to apprehend that a mistake may have been made in the decision, either in law or fact. In this case there is no error suggested as to facts, except as to what, in fact, was the law of New York as to the effect of the judgment in the courts of that state.

In the conclusion from the facts before this court at the final hearing, there is no reason to apprehend that there was any mistake as to the law in New York. What that law is, must, in this state, be shown as matter of fact; but it is proposed to show by new evidence, that the law in that state is different from what appeared to this court on the hearing. This will require the introduction of new evidence which is not permitted on a re-hearing. Only such evidence can be heard, as was or could have been read on the hearing. On that evidence, I see no reason to apprehend that any error was committed, or mistake made as to the law of New York.

The certificates offered on the argument of this application cannot be taken into consideration. They are not legal evidence of the law of New York; and if they were, it would be of no avail to grant a re-hearing, if they or some new evidence on that point could not then be used.

For the reasons stated in the original opinion, I am satisfied that I ought not to order a re-hearing on the merits.