ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

WILLIAM H. PERRINE

*v.*

MARY WHITE et al.

On a creditor's bill to set aside as fraudulent a conveyance of land, the grantor and grantee answered, but only the former was sworn in the cause. There was a decree for complainant. On an application for a rehearing it was held that the allegation of the grantor (though sworn to by her) that she could not remember the facts of the transaction, and that when she informed her counsel of her intention to write to the grantee, who was absent from the state, to come home and testify, he told her it would be of no use, was not ground for granting the rehearing.

1

Perrine v. White.

Petition for rehearing or a new trial. On petition and affidavit of verification.

*Mr. C. F. Hill,* for petitioners.

*Mr. P. H. Gilhooly,* for complainant.

THE CHANCELLOR.

This is a creditor's suit, the object of which is to set aside as fraudulent, as against the complainant's judgment, certain conveyances of real and personal estate, respectively made by the defendant, Mary White, the debtor, to her two sons, James A. McDowell and Oscar Johnson, respectively. The sons are also parties to the suit. They and she answered, and the suit was duly brought to a final hearing, and, after argument, a decree was made in favor of the complainant. McDowell, to whom the real estate was conveyed, and Mrs. White join in a petition for a rehearing. Though he answered, he was not sworn as a witness. His mother was. The ground for the application is that Mrs. White could not remember the facts and circumstances of the making of the conveyances to McDowell in question, and that when she told her counsel that she was going to write to McDowell to come home and testify, he told her it would be of no use or advantage whatever to her to have his testimony. The petition is signed by new solicitors and counsel, and not by the petitioners. Mrs. White alone swears to it, and it is not

NOTE.—Knowledge or negligence of counsel binds the party, so as to prevent relief in equity, *Dennett* v. *Dennett, 44 N. H. 535; Norris v. Le Neve, 3 Atk. 35; Blake* v. *Foster, 2 Ball & B. 457; Sherman* v. *Ward, 73 Me. 29; Wynn* v. *Wilson, Hempst. 698.* See *Thayer* v. *Goddard, 19 Pick. 66; McDowell* v. *Morrell, 5 Lea 279; Townley* v. *Jones, 8 C. B. (N. S.) 289; Henderson* v. *Mitchell, 1 Buil. Eq. 113.*

There can be no rehearing of a decree made by consent of counsel, although made without the party's consent, *Harrison* v. *Rumsey; 2 Ves. Sr. 488; Bradish* v. *Gex, Amb. 229; Butterworth* v. *Clapham, 1 J. & W. 653; Gifford* v. *Thorn, 1 Stock. 723; Coster* v. *Clark, 3 Edw. Ch. 405; Jones* v. *Williamson, 5 Coldw. 371; Lawson* v. *Bettison, 7 Ark. 401.* See *Furnivale* v. *Bogle, 4 Russ. 142.*

supported by any other oath. So that, except as he is repre-
sented by the solicitors, McDowell does not appear before the
court. By the petition, the petitioners practically propose, now
that the hearing has been had and the cause decided, and the
opinion of the court giving the grounds and reasons for the de-
cision is in their hands, to meet and overcome the evidence of
fraud on which the decree is founded. Obviously it would be
against good policy to grant this application. A practice which
would permit it would not only be unfair, but would unsettle
decrees and promote litigation, and invite experiment upon the
court. The petitioners acted on the advice of their counsel in
the cause, to whose judgment the management of the defence
was very properly committed. Among the evidences of fraud
were the facts that the deeds had never been delivered; that
McDowell did not know of them until a long time after they
were made; that ever since the conveyances were made the
grantor has continued in possession of the property, and that she
has offered to convey part of it in satisfaction of a debt due
from her. In addition to these things, the proof of the alleged
consideration of the conveyances was unsatisfactory, to say the
least of it. Mrs. White states that she could not remember the
facts and circumstances of the conveyances to McDowell, and
that the counsel advised her on the several occasions on which
she proposed to get McDowell's testimony, that his testimony
would be of no use or advantage whatever to her cause. So it
appears that the matter was frequently canvassed, and the advice

A rehearing cannot be granted in equity on account of the bad advice of
counsel, *Warner* v. *Warner*, 4 *Stew. Eq. 549 ; Smith* v. *Patton, 12 W. Va. 541;
Shricker* v. *Field, 9 Iowa 372 ; Winchester* v. *Grosvenor, 48 Ill. 517 ; Dickerson* v.
*Comrs., 6 Ind. 128 ; Hayden* v. *Moore, 4 Bush 107 ;* or his error-or mistake as to
the pertinence or force of evidence, *Baker* v. *Whiting, 1 Story C. C. 218 ; Jenkins*
v. *Eldridge, 3 Story C. C. 316 ; Lyon* v. *Bolling, 14 Ala. 754; Kelley* v. *McKin-
ney, 5 Lea 164; Jamison* v. *May, 8 Ark. 600 ;* or as to the admissibility of
evidence, *Robinson* v. *Sampson, 26 Me. 11 ;* or abandonment of the defence
after hearing complainant's argument, *De Carters* v. *La Farge, 1 Paige 574;
Winchester* v. *Grosvenor, 48 Ill. 517 ;* or mismanagement of the defence by rea-
son of counsel's delicate position in appearing at the same time for a co-liti-
gant who might be injuriously affected by the establishment of the defence,

of counsel was that neither she nor McDowell would be bene-fited by anything the latter could testify to. It does not ap-pear now that the advice was not judicious. What McDowell could swear to is not stated under his oath. The decree has not been enrolled, and this application is for a rehearing or a new trial. A rehearing in this state has never been a matter of course, but it is always granted when the chancellor sees reason. to apprehend that a mistake may have been made in the deci-sion, either in law or fact. Only such evidence can be used as was or could have been read on the hearing; new evidence not being permitted on a rehearing. *Brumagim* v. *Chew, 4 C. E. Gr. 337; 2 Harr. Prac. Ch. 121.* The last-mentioned writer says that the forgetfulness or negligence of parties who are under no incapacity is no foundation for a bill of review. *1 Harr. Prac. Ch. 275.* In *Franklin* v. *Wilkinson, 3 Munf. 112,* it was held that it was not ground for a bill of review that the party was prevented from proving important facts by the wrong advice of his counsel, or that other counsel was prevented by illness from attending the trial. And in *Jones* v. *Pilcher, 6 Munf. 425,* it was held that the losing or mislaying by the party's counsel of documentary evidence to be used in the cause, so that it could not be found till after the hearing, was not ground for a bill of review. Of the cases cited by the peti-tioners' counsel, that of *Day* v. *Allaire, 4 Stew. Eq. 303,* is in point. There the final decree was opened and the defendants let in to

*Carmichael* v. *Snodgrass, 6 Lea 184;* or that the party, who was his own solici-tor, was compelled to go to another court, *Whitman* v. *Brotherton, 2 Tenn. Ch. 393;* or was too sick to attend that term, *Lester* v. *Hoskins, 26 Ark. 63;* or had ceased to attend that court, and employed other attorneys to take charge of the case who did not understand the defence, and permitted judgment to go against defendant without his knowledge, *Chester* v. *Apperson, 4 Heisk. 639;* or that the counsel originally employed died, and the counsel who suc-ceeded him was not familiar with the case, *Powell* v. *Stewart, 17 Ala. 719;* or that the attorney could not appear on account of his illness, *Mock* v. *Cundiff, 6 Port. 24;* or that the counsel retained had not. only not appeared to defend the suit, but had appeared for the other party, where only a general retainer to attend to all of defendant's business was proved, *Watts* v. *Gayle, 20 Ala. 817.*—REP.

Elkins *v.* Camden and Atlantic R. R. Co.

take testimony, on the ground that their solicitor, though duly retained to defend, and paid for his services, abandoned the cause without their knowledge or consent, refused to take the testimony of several material witnesses, and did not appear at the hearing, so that they were unrepresented there.  The court distinguishes the case from such a one as this, where the ground is that the solicitor erred·in judgment merely in conducting the cause.    As before suggested, it does not appear that, in this case, he did err, or that he neglected or in anywise mismanaged the defence.    There is no ground for granting a rehearing or for giving leave to file a bill in the nature of a bill of review. It is not alleged that any mistake in law has been made, nor any mistake of fact on the case presented, and there are no newly-discovered facts whatever, nor any which were not, with the witnesses by whom they could be proved, fully known during the progress of the suit, and no misconduct of solicitor or counsel is shown.

The petition will be dismissed, with costs.