JOSEPH H. SHINN, complainant,

*v.*

EDWIN R. SMILEY et al., defendants.

[Decided May 22d, 1923.]

1. Under the English practice a rehearing might be had in a chancery suit by bill of review if the decree had been enrolled, and by bill in the nature of a bill of review if there had been no enrollment, and such relief may doubtless still be afforded in chancery of this state; but it has for a long time 'been 'the established practice of this court to permit of applications for rehearing by petition, even after enrollment; and this practice has the sanction of rule 154 of this court.

2. By rule 128 of this court it is provided that application for rehearing in causes heard by vice-chancellors (or advisory masters) shall be made to them; and no application for a rehearing in any such case will be considered by the chancellor save in very exceptional circumstances.

3. No rehearing will be granted in chancery upon the ground of newly-discovered evidence, unless the applicant shows the new matter to be of such character that, if it had been produced on the trial, it would probably have changed the result and produced an opposite result.

———

On bill, &c. On petition to open decree and for rehearing.

*Mr. Clifton C. Shinn,* for the petitioner.

*Mr. Ulysses G. Styron, contra.*

WALKER, CHANCELLOR.

This was a suit for the specific performance of a contract to convey lands. The vice-chancellor who heard the cause held that the contract as sought to be imposed upon the defendant Clarence E. Smiley, who appeared to be the owner of the record title, was not proved, and the bill was therefore dismissed. The decree of dismissal was filed August 8th, 1922. On December 26th, 1922, the complainant filed a petition in which he recited certain proceedings in this cause, alleging, *inter alia,* that the defendant Clarence E. Smiley testified therein that the mortgage on the premises (which he foreclosed, and through the sheriff's deed acquired title) was a gift to him from his father, Edwin R. Smiley, then deceased; and also alleging that on an application to open the decree in the foreclosure suit (*Clarence E. Smiley* v. *May B. Hanna, 1 N. J. Adv. R. 449*) Mr. Styron, who has acted as the solicitor of both Smileys, made an affidavit in which he swore that Edwin R. Smiley provided the money for the mortgage (on the property) and exercised certain acts of ownership over it, naming them, and petitioner alleged that this testimony if believed would result in a decree in the complainant's favor in this suit instead of the decree of dismissal entered herein; that such facts were unknown to the petitioner at the trial of this cause, although Mr. Styron was sworn as a witness in behalf of the defendants herein. The petition also alleged that the defendant Edwin R. Smiley died before the hearing of this cause (which is a fact), and that his executors, Clarence E. Smiley and Bertha L. Smiley, were substituted as defendants in his place; but that not offering themselves as witnesses the complainant could not interrogate then with respect to transactions with, or statements by, their testator.

The written contract of sale was signed "Edwin R. Smiley, by U. G. Styron, attorney in fact." It was incorporated in a certain lease and was an option to purchase at the end of the term, the lessee being the complainant, Shinn. The vice-chancellor's decision proceeded upon the ground that the agreement, which was not made by Clarence, did not bind

him; that he had neither authorized it nor ratified or confirmed it.

The defendants challenge the right of the petitioner to proceed by petition for a rehearing, and submit that his only proper procedure would be by bill of review if the decree had been enrolled, or by a bill in the nature of a bill of review if there had been no enrollment. This was the English practice, and, doubtless, may still be resorted to in this state. See *Watkinson* v. *Watkinson, 68 N. J. Eq. 632.* It is, however, established practice of this court to permit of applications for rehearing by petition. In *Jones* v. *Read-Jones, 84 N. J. Eq. 479,* the court of errors and appeals held (at *p. 480*) that a decree may be opened on petition after enrollment. In fact the practice must have existed for more than a century, for, by rule adopted September 8th, 1817, it was provided that every *petition* for a rehearing shall set out concisely the matter or cause on which it is applied for. This rule has been in force ever since and is now rule 154. There is another pertinent rule, it is 128, and it provides that applications for rehearing in causes heard by vice-chancellors (and advisory masters) shall be made to them.

In *Rusling* v. *Bray, 38 N. J. Eq. 398,* Chancellor Runyon (1884) construed this rule (then 148), which was in form somewhat different from the present one. He said the rule was made at the time when the first act providing for vice-chancellors was passed; that under it few applications had been made for rehearings by the chancellor himself, and none such were ordered except in special circumstances, as where a vice-chancellor had gone out of office or where he himself was of opinion that the hearing should be had before the chancellor. Now, in the case at bar, when counsel for the complainant asked me to consider the application for a rehearing, he stated that he had presented his application to the vice-chancellor who heard the cause, and that he stated that he would prefer that counsel present the petition to me. This in and of itself was not a valid reason, but there was one, and it lies in the fact that there was at the time pending before me an application to open the decree of foreclosure in *Smiley*

v. *Hanna* (above referred to), and the proof relied upon as newly-discovered evidence in this cause resided in the affidavits in the proceeding to open the decree in the foreclosure case. Therefore, I took cognizance of this matter, but desire to observe that the rule that such applications as this must be made to the member of the court who heard the cause, is to be quite strictly adhered to, and that in only very exceptional cases will the chancellor entertain these applications.

Coming now to the merits: In *Kirschbaum* v. *Kirschbaum, 92 N. J. Eq. 7,* I held that an application for a rehearing in chancery is governed by principles applicable to motions for new trials in cases at law; that to justify a rehearing in an equity case for newly-discovered evidence, the new matter must be of such character that if it had been heard on the trial, it would probably have changed the result and produced an opposite result.

Now, how could the asserted newly-discovered evidence have operated to change the result in this case? The complainant argues that in an answering affidavit, Clarence E. Smiley, one of the executors of his father, relates statements made by the testator respecting the gift of the mortgage and relates other statements of his concerning transactions relating to that mortgage and the property which complainant seeks to have conveyed to him, and the instructions given to U. G. Styron, who was his solicitor, and that having thus offered himself and testified as a witness, his lips are no longer sealed and petitioner is now entitled to interrogate him touching all of the transactions with, and statements by, his testator relating to the matters involved in this suit. Even so, I fail to see that this is a sufficient ground for a rehearing. The complainant on this score does not set forth evidence which would move the court to say that had it been offered originally, it would probably have changed the result. It is merely speculative. It is an assertion that if the complainant be granted a rehearing, the witness might on cross-examination give testimony contradicting his own sworn statements and thus show a sufficiently different state of facts from that developed on the hearing to make a case for the

complainant. I am not pointed to any authority which holds that a rehearing should be ordered for any such reason.

Another thing: The complainant argues that Mr. Styron, in his affidavit of January 15th, 1923, herein, undertakes to qualify his recital of facts made on the hearing by saying that until about the time of the sheriff's sale under foreclosure of the mortgage he (Styron) never doubted that Edwin R. Smiley was the owner of that mortgage, and complainant asserts that that conclusion is based upon a statement of facts, which the affiant (Styron) recites. Now, Mr. Styron's opinion concerning the title—for that is practically what is involved in the statements made in his affidavit amounts to—can have no controlling effect, assuming it to be admissible evidence, which, seemingly, it is not. And, in passing, I would say that the facts stated, plus those adduced upon the hearing, would have no controlling effect as against Clarence E. Smiley. Besides, Mr. Styron was a witness for the defence on that hearing, and there is no suggestion that cross-examination might not have elicited the very information which complainant now seeks.

As to facts relied upon by complainant as newly-discovered evidence entitling him to a rehearing, it is sufficient to say that, taken singly and together, they do not meet the requirements of the law, in that it does not appear that such facts would probably have changed the result reached on the hearing before the vice-chancellor. And in this situation the application for a rehearing must be denied.