In this case a decree nisi of divorce was granted to the petitioner against the defendant, July 12th, 1918, and a final decree January 13th, 1919. On February 2d 1920, a petition was preferred praying that the decrees nisi and final, theretofore entered against the defendant, be vacated and set aside; that the same had been fraudulently procured; that petitioner had no notice of the proceedings and no opportunity to have her day in court, and that she was not guilty of the matters and things recited in the petition — that is, that she was not guilty of desertion; that at no time was she personally served with any notice of proceedings (for divorce), although at all times her husband knew her address, and that she first learned, in or about the month of November, 1919, from a letter from the petitioner's sister in Germany, that her husband had secured a divorce from her and was married a second time; that the depositions made against her were false, that she never refused to live with him, but that she has always been eager and willing to live with him. Shall the rehearing be granted?
Although no objection was made or question raised as to the procedure pursued in this matter, nevertheless three questions suggest themselves:
1. Whether the proceeding to open the decree may be taken by petition instead of bill of review. *Page 31 
2. Whether such proceeding can be instituted after the time for appealing from the final decree has expired.
3. Whether the decree may be opened partially and only for the purpose of permitting the question presented to be tried.
First. As to whether the proceedings to open a decree in chancery may be by petition instead of bill of review.
By the practice of the high court of chancery in England a bill of review, or a bill in the nature of a bill of review, was the method to procure a reversal, alteration or explanation of a decree. If the decree had been signed and enrolled a bill of review had to be filed; if not, the bill was in the nature of a bill of review. A bill of this character could only be brought upon error of law appearing upon the face of the decree or upon some new matter which had been discovered after the decree, and could not possibly have been used when the decree was made. Dan.Ch. Pl. Pr. (6th ed.) 1575. Application had to be made for leave to file such bill, and was usually made by petition, but was also allowed to be made on motion. The petition or notice of motion was served on the other parties to the cause. Ibid.1578. If the decree had not been enrolled the application could also be by petition for rehearing. Ibid. 1072. The same practice obtains in this state. See the form of order for leave to file a bill of review on discovery of new matter, which recites the filing of the petition, praying for leave to file the bill, and its coming on to be heard by counsel of all parties,c. Dick. Ch. Prec. (rev. ed.) 508. See, also, the petition for a rehearing where the decree has been filed but not enrolled (Ibid. 182), and the notice of presenting the petition for rehearing and order for rehearing, reciting due notice to counsel for the parties. Ibid. 185.
In our state the decisions seem to have been somewhat variant. For instance, in Cook v. Weigley, 69 N.J. Eq. 836, the court of errors and appeals affirmed an order appealed from upon the ground that the validity of a decree of the court of chancery, after it had been affirmed on appeal, cannot be brought in question by a petition; that a bill of *Page 32 
review is the only proceeding by which such a decree may be challenged, and it may not be done even by that proceeding unless the conditions existed which justified the filing of such a bill, and that the court then recently (in Watkinson v. Watkinson,68 N.J. Eq. 632) had occasion to point out what the conditions were.
In Sparks v. Fortescue, 75 N.J. Eq. 586, it was held by the court of errors and appeals, in a case where a petition to open a decree had been filed after the expiration of the period within which an appeal might be taken, that such a petition should not be entertained, and that the only proper proceeding by which such a decree could be challenged was by bill of review.
It is to be observed that this decision, like that in theWatkinson Case, supra, is to the effect that a petition will not lie to open a decree after the time limit for appeal hadexpired, but only a bill of review.
In Cumberland L. Co. v. Clinton Hill L. M. Co., 84 N.J. Eq. 557,
Vice-Chancellor Emery said (at p. 566), that final decrees are opened by bill of review is a settled rule in this state, and that such a bill cannot be filed after three years (the then period for appeal), except for new evidence discovered after the decree.
But the court of errors and appeals in Jones v. Read-Jones,84 N.J. Eq. 479, Mr. Justice Parker, writing the opinion, said (at p. 480) that there was adequate authority for the proposition that, when fraud or surprise are relied on to open an apparent default, a decree may be opened on petition, even after enrollment, citing cases. And Vice-Chancellor Backes, in the same case in this court (Jones v. Jones, 82 N.J. Eq. 558), observed (at p. 561) that, as he understood it, the court of errors and appeals in the Watkinson Case, and those that followed, did not intend to lay down a hard and fast rule which was to obtain under all circumstances and conditions, nor prevent this court from proceeding by petition in a case where a bill of review would lie.
The latest case on the question of proceedings to review a decree in this court is to be found in the opinion of the *Page 33 
chancellor in Shinn v. Smiley, 94 N.J. Eq. 583, in which he observed (at p. 585) that it was, doubtless, the English practice to proceed by bill of review, which may still be resorted to in this state, but that it is, however, an established practice in this court to permit of applications for rehearing by petition.
In White v. Smith, 65 Atl. Rep. 1017, Vice-Chancellor Garrison said (at p. 1018) that, under the authorities, it is proper practice to apply by petition to vacate an enrollment and open a decree, and that it is to be encouraged, if not exclusively prescribed. In Boyer v. Boyer, 77 N.J. Eq. 144,
Vice-Chancellor Leaming said (at p. 145), that the modern practice in this court has been to proceed by petition and orderto show cause on application to open a final decree, which simplifies the practice and procures an early determination.
After all, this question concerns only a matter of practice
in the court of chancery, and the practice of proceeding by petition has been in vogue for upwards of a century. Shinn v.Smiley, supra.
The first reported case in this state on the question of rehearing is Glover v. Hedges, Sax. 113. The bill was one for injunction and relief, and was dismissed on the hearing. Complainant filed a petition for a rehearing, but Chancellor Vroom adhered to his former decision and dismissed the bill.
Perrine v. White, 36 N.J. Eq. 1, was heard on petition for a rehearing on new trial, duly verified. After hearing Chancellor Runyon dismissed the petition. On appeal (S.C. (McDowell v.Perrine), 36 N.J. Eq. 632), the court of errors and appeals, in an opinion by Mr. Justice Parker, observed that the appeal was from an order dismissing appellant's petition to open a final decree, but no criticism was made of this course, and the order dismissing the petition was affirmed.
In Miller v. Rushforth, 4 N.J. Eq. 174, the defendant applied by way of verified petition for the opening of a decree after enrollment, which was opened for the purpose *Page 34 
of ascertaining the amount of credits to which the defendant was entitled on the mortgage.
Upon the authorities, therefore, it seems to me that there is abundant ground for the proposition that a rehearing may be had, even after enrollment, by petition. The party respondent, who holds the decree, is not harmed, for he has the same opportunity to litigate on the order to show cause the question as to whether a rehearing should be granted, as he has on application for leave to file a bill of review. The practice on such a bill is antiquated, cumbersome, tedious and expensive. The practice by petition is modern, simple, expeditious and less expensive. It has everything to commend it, and I agree with the chancellor, and Vice-Chancellors Garrison, Leaming and Backes, that it should be upheld as the established practice of this court. In the case at bar, as already remarked, the respondent makes no objection to the proceeding by petition instead of bill of review.
Second. There can be no doubt of the petitioner's right to institute this proceeding after the time limited for appeal has expired. Formerly, an appeal from a final decree could be taken within three years; now, by statute, the time has been reduced to one year, except in certain cases not here pertinent. But the Divorce act (P.L. 1907 p. 474 ¶ 21) provides that appeals shall be taken only from the decree nisi and not from the final decree, and shall be taken within six months from the filing of the decree nisi. The strict law of review might operate to prevent the filing of a petition either for leave to file a bill of review or for a rehearing after the final decree had been entered. But it is, and always has been, the law that a rehearing could be had after the time for appealing has expired, for newmatter discovered after the decree, which could not have been used when the decree was made. Watkinson v. Watkinson, supra, expressly holds this. And the petition in the instant case avers surprise and fraud practiced upon the petitioner.
Third. While it is probably true that proceedings for review and rehearing of a decree in chancery may be entertained without opening the decree to any extent, nevertheless, *Page 35 
it is quite the practice, both in equity and at law, to open decrees and judgments for limited purposes, such, for instance, as letting in a defense. There are many such cases in this court, and one from the law courts will serve to illustrate the practice. In McTague v. Pennsylvania Railroad Co.,44 N.J. Law 62, a judgment was opened on terms of letting the judgment and execution stand as security. Chief-Justice Beasley, speaking for the supreme court, said (at p. 64) that if the defendant desired a trial on the merits the proceedings would be so far opened and no further, and the judgment, execution and proceedings already taken would stand as security to the plaintiff.
Fourth. As to the meritorious question involved, the right of the defendant to have the cause reheard. This question rests in the sound discretion of the court. In Williams v. Lowe,79 N.J. Eq. 173, the court of errors and appeals held that whether or not the final decree shall be opened is discretionary with the court of chancery, and that that court would not review such order for the mere purpose of substituting its discretion for that of the court of chancery. In Brumagim v. Chew, 19 N.J. Eq. 337,
it was held in this court that a rehearing is always granted when the court of chancery sees reason to apprehend that a mistake may have been made in the decision, either in law or fact. It is true that Chancellor Zabriskie said in that case that such rehearing is not granted when the introduction of new evidence is necessary to show the mistake, but he was not referring to evidence newly discovered, remarking (at p. 338) that no error was suggested as to facts except as to what, in fact, was the law of New York as to the fact of a judgment, c.
Fifth. As to the facts relied on for rehearing, the suit for divorce was instituted April 24th, 1917. The defendant and her witnesses say that she had a residence at Union Hill, this state, but she was not served personally. Publication was resorted to and the notice and order were mailed to a New York address, but returned to the sender. The claim of the petitioner is that the defendant evaded service, but this is not convincingly shown, and, moreover, the testimony discloses *Page 36 
that both petitioner and his solicitor admit meeting and conferring with the defendant during the pendency of this suit prior to and after the ex parte hearing occurred before the special master, and no effort was made to serve her or give her copies of papers in the divorce case. Solicitor of the petitioner says that in one of these interviews with the defendant he told her to get an attorney — that her husband had started a divorce and informed her as to what the petition contained. In the interviews between George R. Simpson, a New York attorney and friend of the defendant, and the solicitor of the petitioner, which interviews were held, it is claimed, for the purpose of effecting a reconciliation and the evidence indicates that the claim is true, the former says that he was not advised as to the progress of the divorce suit. This is denied by solicitor of the petitioner, who says the divorce proceedings were discussed. There is a telegram in evidence, alleged to have been signed by Catherine Mitchell, to the clerk in chancery, reading as follows:
"Pleased that I have additional time in Michael S. Mitchell, petitioner, and Catherine Mitchell, defendant, No. 32-230. Have had no papers served on me. My address is 775 East Boulevard, Weehawken, N.J."
Defendant says that she did not send the telegram and knew nothing about it. She testifies the first she learned of the divorce was in November, 1919, in a letter from petitioner's sister in Germany, and through her attorney she started proceedings to have the decree opened. The petition for this was filed in January, 1920. After the entry of the decree nisi, the petitioner called upon the defendant and had her sign and swear to a questionaire that she, as his wife, was dependent upon him for support to enable him to avoid the draft, leading her to believe that no divorce proceedings had been instituted. The petitioner has remarried, but a brief perusal of the testimony clearly shows that the present Mrs. Mitchell, was not an innocent third party.
A consideration of the case leads me, unhesitatingly, to the conclusion that a studied effort was made by the petitioner to keep the defendant in the dark as to his action against her, *Page 37 
and thus prevent her from having a day in court. I believe he could have secured personal service of the original process upon her had he so desired.
The views above expressed lead to the granting of the application for rehearing.
Order accordingly.