This matter comes before the court upon motion of Adam Frank, a member of the New York bar, and one of the defendants *Page 512 
in the action, to open a final decree foreclosing tax sales certificates. It is an appeal to the discretion of the court.
It appears from the moving papers that the procedure adopted by the defendant does not follow the practice now established. Our court of errors and appeals, in one of its latest deliverances, speaking through Mr. Justice Parker, and reviewing the case ofMitchell v. Mitchell, 96 N.J. Eq. 29, does not sanction the procedure followed by the defendant, but says that the proceeding should be by petition to the court for rehearing, on which an order to show cause would issue. In the instant case the defendants merely gave notice of a motion to open the decree and appended an affidavit. On this ground the application in its present form should be dismissed as not being properly before the court.
As a meritorious proposition, the defendant Frank's appeal is not very strong. It appears that he had more than the usual time to make answer to the bill of complaint. This bill was filed on April 3d 1924. It named as defendants, in addition to Frank, Louis M. Isaacs, Estelle I. Frank and the holding company. The defendant Frank and the defendant Isaacs were non-residents, and after the filing of the bill an order of publication was taken, and Frank and Isaacs were requested to answer the bill on or before June 24th, 1924. It appears by affidavit that Frank and Isaacs were served personally on April 30th, 1924, and on May 3d 1924, Estelle Frank was personally served. On October 25th, 1924, a decree pro confesso was entered in the matter, and the master heard the allegations of the complainant on November 22d 1924. His report was confirmed by an order of the court of November 24th, 1924. By his report it appears that none of the defendants had appeared before him and redeemed the said lands and premises. A final decree followed on August 7th, 1925. No answer or any other steps were taken by Adam Frank or either of the other defendants until November 18th, 1925, when Frank gave notice of an application for an order to vacate the final decree for the purpose of permitting the defendants to redeem *Page 513 
the property. The record discloses that despite the fact that Frank had more than the usual time to make answer to the bill of complaint, being a non-resident, that on June 20th, 1924, before his time to answer had expired, he obtained a written stipulation from the solicitor of the complainant extending his time to October 24th, 1924, a further period of four months. After this time had expired and on October 30th, 1924, Frank wrote the solicitor of the complainant asking for a further extension of ninety days, which was refused on November 3d 1924, but the solicitor of the complainant promised that under the order of reference then made he would not take complainant's testimony until November 15th. The defendant did nothing in the way of redeeming the land and premises before the time set, but on December 19th again requested an extension of sixty or ninety days in which to pay off or annul the proceedings, to which the complainant's solicitor replied on December 19th that the time had been fixed by an order of the court as December 22d 1924, giving the hour and place for the redemption by the defendant. These facts clearly show that the defendant had ample opportunity to redeem or present any defense he might have had and must have understood the situation, being familiar with legal matters. If the amounts alleged by the complainant were not the true amounts due, an answer could readily have been filed setting up these facts, but in his affidavit now before me Frank does not question the master's findings, but says complainant's claim is excessive. However, I shall deny the motion on the first ground suggested and consider further an application in the matter when the proceedings taken are in accordance with our practice. *Page 514