CATHERINE KEARNS

*v.*

WILLIAM F. KEARNS.

[Decided October 28th, 1905.]

1. A bill was filed to set aside a decree of divorce recovered by the defendant. It was alleged that the defendant falsely represented his residence in the original suit, and falsely alleged that complainant had deserted him, and that though defendant had knowledge of complainant's residence when he sued for divorce, he fraudulently procured the suit to be conducted as against an absent defendant, whose whereabouts could not be ascertained, and that therefore complainant had no opportunity to appear and defend, though she had a good defence.—*Held,* that the bill is not an original bill to set aside the decree of divorce for fraud, but is a bill of review, and therefore subject to demurrer for failure to allege that it was filed by leave of court.

2. Where a decree of divorce is obtained by fraud, the defendant having no knowledge of the suit, she may apply by petition to have the decree set aside, and the court may exercise the same discretion in granting or refusing the application as on an application to file a bill of review.

On demurrer.

*Mr. Henry W. Runyon,* for the demurrant.

*Mr. Frank P. McDermott,* for the complainant.

STEVENSON, V. C.

One of the causes of demurrer specified is that the bill, which is endorsed "bill of review," does not allege that it was filed with leave of the court. It is conceded by counsel for the complainant that if the bill is in fact a bill of review, as the solicitor for the complainant evidently thought it was when he filed it, the point taken is fatal on demurrer. *Story Eq. Pl.* (*7th ed.*) § *421b; 2 Dan. Ch. Pl. & Pr. 1578, 1579.* In order to avoid the objection above set forth, counsel for complainant endeavors

to make it appear that, even though the bill was intended as a bill of review, and even though leave to file the same as such might in fact have been obtained, an examination of the bill itself shows that it is not a bill of that character, but is an original bill to impeach a decree for fraud, which may be filed without leave from the court. *Story Eq. Pl.* (*7th ed.*) § *426.*

I do not think that this view of the bill is tenable. It attacks the decree on some grounds which may properly be presented to the court upon a bill of review, but, in my judgment, cannot be presented to the court in any original bill filed without leave.

Bills of review frequently are based upon or necessarily involve charges of perjury, forgery and other fraud. The distinction between bills of review alleging fraud from original bills to impeach a decree on account of fraud has not always been sharply drawn. Leaving the decrees of foreign courts out of view, the former class of bills seems to include the latter. See discussion of the nature of the fraud necessary to sustain a bill to impeach a judgment or decree on account thereof by Vice-Chancellor Van Fleet, in *Dringer* v. *Receiver of Erie Railway,* *42 N. J. Eq.* (*15 Stew.*) *573, 582;* also opinions of Lords-Justices James and Baggallay, in *Flower* v. *Lloyd, 10 Ch. Div. 333, 334; 2 Freem. Judg.* § *489.*

In the present case there seem to be three charges of fraud contained in the bill. Two of these charges, which may be considered together, are in effect that the defendant in his original suit falsely represented that he had been a resident of New Jersey for two years, when in fact he was a resident of New York, and that the defendant also falsely alleged that the complainant had deserted him, whereas in fact the defendant had deserted the complainant by driving her away from their place of abode. These charges of fraud, it must be conceded, are not distinctly made. The bill does not allege that the complainant was sworn in the cause and falsely testified to these things. A close examination of this bill illustrates the propriety of the rule which requires the party desiring to file a bill of review to submit his case to the court on petition and obtain an order permitting the bill to be filed, which order is to a large extent·

within the discretion of the court, and is based upon the finding
of the court that a meritorious case for a rehearing has been
made out *prima facie.* I shall, however, in view of the form of
the demurrer and the argument of counsel for the defendant,
assume that the bill sufficiently charges that the defendant in
his original suit, his divorce suit, imposed on the court by
fraudulently making it appear that he was a resident in New
Jersey, when in fact he was a resident in New York, and by
further making it appear that his wife had deserted him, when
in fact, as he well knew, he had deserted his wife. With this
understanding of the gravamen of this bill, I think that it is
clearly a bill of review. The residence of the complainant was
one of the matters presented by the defendant's petition for
divorce and actually tried in that case. The question whether
the complainant had or had not deserted the defendant was also
an issue, the main issue, in the suit. This bill in effect charges
that the court came to an erroneous conclusion upon these issues,
relying upon false and fraudulent testimony. Whether in any
case a party who has suffered defeat in a litigation can, without
leave of the court, file a bill to have the judgment or decree of
which he complains set aside on the ground that it was based
upon perjured testimony or evidence otherwise fraudulent, and
if so, in what cases and under what limitations such an equitable
action will lie, are far broader questions than any which need be
discussed for the disposition of this case. I think that there are
very few if any such cases which cannot be presented to the court
upon a bill of review, and if they can be so presented, then
plainly they ought to be so presented, and ought not to be pre-
sented by original bills. If this is not a sound conclusion, then
there would seem to be no escape from the evils pointed out by
Lord-Justice James, in *Flower* v. *Lloyd, supra.*

The bill also charges that the defendant knew that the com-
plainant was a resident of the State of New Jersey when he
brought his suit for divorce, and could readily have ascertained
her address, and it is the evident intention of the framer of the
bill to make it appear that the defendant fraudulently procured
the divorce suit to be conducted as against an absent defendant,

whose whereabouts could not be ascertained, whereby a decree was obtained without giving the complainant a chance to appear and defend. Admitting that the bill sufficiently alleges this sort of a fraud, and that this sort of a fraud, being collateral to the litigation in which the decree complained of was obtained, and not being one of the matters at issue in that cause and decided therein, presents a sufficient basis for an original bill to impeach the decree for fraud, it still remains that this ground for attack on the decree is combined with these other grounds, and that all of the grounds may be presented, investigated and disposed of upon a bill of review. In this state of the case the election of the complainant to file a bill of review is an important consideration. The allegations of matters which properly may be considered on a bill of review, but which cannot be properly considered on an original bill to impeach a decree for fraud, certainly cannot be rejected as surplusage in determining the character of the bill. Complainant by his bill presents all these grounds, and he frames and endorses his bill so as to invoke the jurisdiction of the court in such a way that all his grounds of complaint may be considered.

There is another reason, in my opinion, why the complainant's bill should be deemed strictly a bill of review. The complainant had no notice of the divorce suit which the defendant brought against her. She had no opportunity to be heard. The cause was tried *ex parte.* She now comes forward, alleging her surprise, her lack of opportunity to present her case, and offers proofs that fraud was practiced and injustice done which would not have occurred if she had had an opportunity to present her defence. In this sort of a case no bill of review is necessary, even though the decree has been enrolled. *Brinkerhoff* v. *Franklin, 21 N. J. Eq. (6 C. E., Gr.) 334; Cawley* v. *Leonard, 28 N. J. Eq. (1 Stew.) 467 (Court of Errors and Appeals, 1877); Day* v. *Allaire, 31 N. J. Eq. (4 Stew.) 303, 315 (Court of Errors and Appeals, 1879); Richardson* v. *Richardson, 67 N. J. Eq. 437 (1904).* The last-cited case is very nearly on all fours with the present one, although the defendant therein, the wife, had notice of the suit. She was, however, deprived of her opportunity to

make her defence by a mistake on the part of her solicitor. An order was made in the cause, upon petition, after notice to the husband, who had obtained the decree, vacating the enrollment, setting aside the decree and giving the petitioner time to file an answer.

In *Clayton* v. *Clayton,* 59 *N. J. Eq.* (*14 Dick.*) *310,* and *Watkinson* v. *Watkinson,* 67 *N. J. Eq. 142,* Vice-Chancellor Pitney deals with the general rule requiring a bill of review where the party aggrieved by a decree makes his complaint after the enrollment. The learned vice-chancellor was not dealing with the exception to this rule illustrated in the cases above cited; and in this case where the decree has been obtained *ex parte,* and the party aggrieved by it has had no opportunity to make the defence which otherwise he would have put in. In both of the last-cited cases the complainant had full notice of the suit in which the decree was made of which she complained.

Of course, upon applications by petition, the court can exercise the same discretion as upon applications to file a bill of review, and in the same way recognize and protect all new interests. Where the party aggrieved by a fraudulent or unjust decree is able to obtain full relief upon a petition for the vacation of the enrollment and the opening of the decree, it seems to me that in many if not all cases an application for leave to file a bill of review ought to be denied. If this bill should be regarded as an original bill to impeach a decree for fraud, the court would lose this wholesome control over the case.

In my opinion, the application by petition in the cause to vacate the enrollment and open the decree is to be encouraged, if not exclusively prescribed, in all cases where such procedure will accomplish justice. I am also of opinion that the bill of review is to be preferred to the original bill, filed as of right without leave, and this last-named bill should be left to that comparatively small class of cases, perhaps not as yet fully defined, in which the remedy by an application in the cause for a rehearing or a new trial and the remedy by a bill of review are inapplicable or inadequate.

It should be observed that we are not dealing with foreign judgments, which are open to impeachment on the ground of

fraud either by the complainant or the defendant in a suit in this court. Foreign judgments, in respect of the jurisdiction of this court to impeach judgments and decrees on the ground of fraud, to some extent constitute a class by themselves.

To compel the party injured by a fraudulent judgment of a foreign court to seek redress in the cause or in the court in which the judgment was rendered would be to compel such defrauded party, although a citizen of New Jersey, to go to a foreign state for justice.

In the case of judgments and decrees of our own courts the present policy of the law, in accordance with considerations of simplicity, cheapness and common sense, should be, I think, to require the party alleging that the judgment or decree is tainted by fraud to seek his remedy in the action at law or suit in equity in which the judgment or decree was rendered, when that remedy is adequate, rather than to commence an independent original and expensive suit in this court. This policy is illustrated by the withdrawal of the exercise of jurisdiction by this court on bills for new trials. As fast as the power of the courts of common law has been extended, so as to permit those courts to set aside judgments and grant new trials on the ground of fraud, mistake or newly-discovered evidence, the exercise of jurisdiction by this court has been renounced and curtailed. *Hayes* v. *United States Phonograph Co., 65 N. J. Eq. (20 Dick.) 5 (1903)*; *Wolcott* v. *Jackson, 52 N. J. Eq. (7 Dick.) 387; Hannon* v. *Maxwell, 31 N. J. Eq. (4 Stew.) 318.*

My conclusion is that this bill must be deemed a bill of review, and cannot be deemed an original bill filed as of right to impeach a decree for fraud. If the complainant in fact has obtained leave to file this bill as a bill of review, upon notice to the defendant, an amendment may be made alleging such fact. If no leave in fact has been obtained, then, upon application for such leave, the court will not only look into the merits of the case, but also determine whether, if the complainant's case calls for an investigation by this court, such investigation should be made on petition in the original cause to vacate the enrollment and open the decree or by a bill of review.

I shall advise an order that the demurrer be sustained.