AMELIA R. SPARKS and EMMA ROSS, complainants-appellants,

*v.*

THOMAS H. FORTESCUE and CLARENCE ROSS, defendants-respondents.

[Argued March 12th, 1909. Decided June 14th, 1909.]

A petition to open a decree in the court of chancery cannot be filed after the expiration of the statutory period within which an appeal can be taken from such decree.

The appeal in this cause was from a decree of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. Thomas E. French,* for the appellants.

*Mr. Timothy J. Middleton* and *Mr. John J. Crandall,* for the respondents.

The opinion of the court was delivered by

VROOM, J.

On November 2d, 1903, the complainants, under the statute, filed a bill to quiet title; the defendants filed separate answers and the case came on regularly for a hearing at the May term, 1904, of the court of chancery. On the 18th of May, 1904, a final decree was advised by Vice-Chancellor Pitney, which was filed May 27th, 1904.

On May 17th, 1907, nearly three years later, the defendant Clarence Ross filed a petition in the court of chancery setting forth that he was a debtor of the defendant Fortescue, and that said Fortescue had begun a suit at law, by attachment, in this state against petitioner and seized the identical lands and tenements described in the said bill of complaint. That Fortescue

had employed counsel to represent himself and petitioner and that they had filed answers to the bill. That after the testimony of the complainant had been taken before the master said counsel advised petitioner and his mother, and other witnesses who were present at the hearing, ready to be sworn and give their testimony, that no evidence on their part was necessary. That upon this advice they did not proffer themselves as witnesses, and a decree went against them practically by default. The petitioner also set up in his petition that a similar suit is now pending against his brothers and sisters and which has not been decided, and is willing to enter into a stipulation to submit to the same decree against himself as shall be made against them. Upon this petition an order to show cause was allowed by Vice-Chancellor Leaming, directed to the complainants. They did not appear on the return of the rule and the vice-chancellor advised an order granting the prayer of the petition and opening and setting aside the decree of May 18th, 1904.

This order cannot be sustained. At the time of the making of the decree in this cause the one hundred and eleventh section of the Chancery act (*Rev. 1908*) was in force, and it provided that all appeals from final decrees on bills to quiet title should be made within three months after filing the decree appealed from. The decree was dated May 27th, 1904, and the time for taking the appeal expired August 27th, 1904. Manifestly no appeal would lie, and defendants sought by petition to open the decree upon the theory contended for on the argument, that such petition or application to open a decree would not be an appeal in any sense. Any question, however, as to this method of procedure has been settled in this court. In *Cook* v. *Weigley, 69 N. J. Eq. (3 Robb.) 836*, a petition was filed in the court of chancery to open a decree which had been appealed from and affirmed by this court, and it was held that such a petition should not be entertained and that the only proceeding by which such a decree could be challenged was by a bill of review. The situation in the present case is clearly the same; if a petition to open a decree cannot be filed after an appeal has been taken and decided, it ought not to be permitted to be filed after the time

within which an appeal can be taken has passed. Had the defendants, however, instead of filing a petition, proceeded by bill of review, as suggested in *Cook* v. *Weigley, supra,* they would have been met with the decision of this court in *Watkinson* v. *Watkinson,* '68 *N. J. Eq.* (*2 Robb.*) '632, where it was held that although there is no express statutory limitation as to the filing of bills of review, the analogous limitation of the right of appeal should govern, and a bill of review cannot be filed after the lapse of three years from the final decree (the limitation of three years was changed by the revision of the Chancery act of 1908, *supra*) except in case of new or newly-discovered matter. And even if not barred by the limitation as above stated, it is difficult to see upon what ground permission to file a bill of review could be based; there is no allegation or pretence of any new or newly-discovered evidence, or of any special equity which could give the court the discretionary power to make the order. *Watkinson* v. *Watkinson, supra.*

But it was contended on the part of the defendants that the complainants had no standing in this court to review the order appealed from, because they had failed to appear on the return of the rule to show cause. In support of this contention the case of *Townsend* v. *Smith, 12 N. J. Eq.* (*1 Beas.*) *350,* is relied on. That case held that where a defendant does not appear at the hearing before the chancellor, the case having been regularly noticed for argument, he cannot appeal from the decree thus rendered in his absence. This case follows the decision in *Gelston* v. *Hoyt, 13 Johns. 576,* but an examination of both cases and the authorities cited shows clearly that what was decided applied only to the absence of a party at the hearing of the case, and that this view has, since *Townsend* v. *Smith, supra,* been again taken in this court is manifest from the opinion in *Decker* v. *Ruckman, 28 N. J. Eq.* (*1 Stew.*) *614,* where Justice Knapp said: "If the cause had been regularly set down for hearing and noticed for argument, a failure to appear would have placed the appellants in the position of the parties in *Townsend* v. *Smith, 12 N. J. Eq.* (*1 Beas.*) *350,* upon the ground that if the defendant voluntarily absents himself from the hear-

ing it may fairly be presumed that no defence is insisted on."
When, however, upon a petition to open a decree, which in no
sense can be construed as a hearing of the cause within *Town-
send* v. *Smith, supra,* it is apparent upon the very face of the
petition that it is unmeritorious, in my opinion the complainants
were entirely justified in ignoring the order to show cause. They
had a right to rely that what ought to be done would be done.

This question, however, need not be determined, it appearing
that the respondents elected to answer the petition of appeal,
instead of moving to dismiss it as they might have done. In
thus answering they have submitted the case to this court on its
merits and have waived any right (if such they had) to dismiss
the appeal. This is the rule laid down by this court at the
November term last of this court in *State Council of Jr. O. U. A.
M.* v. *Enterprise Council, No. 6, ante p. 245.*

The decree below should be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED,
PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH,
VROOM, GRAY, DILL—13.