LAVENIA BOYER

*v.*

EDWARD T. BOYER et al.

[Heard March 28th, 1910. Determined April 19th, 1910.]

1. A court of chancery has jurisdictional power, even after enrollment, to open a regular decree obtained by default, to afford defendant an opportunity to make a defence on the merits, where such defendant has been deprived of the defence either by mistake or accident, or by the neglect of his counsel.

2. Where an application to open a final decree is made before the period for appeal has expired, the modern practice is to apply by petition and order to show cause, and not by bill of review; but, after the period for appeal has expired, or after an appeal has been taken and has been affirmed, the chancery court cannot entertain a petition to open the decree, which can be challenged only by a bill of review.

3. A bill of review filed after the expiration of the time to appeal will only be entertained in case of new or newly discovered matter.

4. A petition to vacate a default decree in equity should be accompanied by specific affidavits setting forth in detail all the evidence on which the petitioner relies, and, on the return of the order to show cause, counter affidavits may be read.

On petition for leave to file bill of review.

*Mr. Powell K. Martin,* for the petitioner.

*Messrs. Carrow & Kraft, contra.*

LEAMING, V. C.

It is well settled that the court of chancery has discretionary power, even after enrollment, to open a regular decree obtained by default, for the purpose of giving the defendant an opportunity to make a defence on the merits, where such defendant has been deprived of such defence, either by mistake or accident, or by the neglect of his counsel. This has been expressly determined by our court of errors and appeals in *Day* v. *Allaire, 31 N. J. Eq.* (*4 Stew.*) *303, 315.* See, also, *Cawley* v. *Leonard, 28 N. J. Eq.* (*1 Stew.*) *467; Brikerhoff* v. *Franklin, 21 N. J. Eq.* (*6 C. E. Gr.*) *334; Richardson* v. *Richardson, 67 N. J. Eq.* (*1 Robb.*) *487.*

Where the application to open a final decree is made before the period for appeal has expired, the modern practice in this court has been to proceed by petition and order to show cause, and not by bill of review. That procedure simplifies the practice and procures an early determination. In *Kearns* v. *Kearns, 70 N. J. Eq.* (*4 Robb.*) *483, 487,* the opinion is expressed that the practice of proceeding in such cases by petition should be encouraged if not exclusively prescribed. That view is sanctioned in *White* v. *Smith, 72 N. J. Eq.* (*2 Buch.*) *697, 700,* and in *Kelsey* v. *Dilks, 72 N. J. Eq.* (*2 Buch.*) *834.*

After the period for appeal has expired, or after an appeal has been taken and the decree affirmed, the court of chancery cannot entertain a petition to open the decree. Such a decree can be challenged only by a bill of review. *Cook* v. *Weigley, 69 N. J. Eq.* (*3 Robb.*) *836; Sparks* v. *Fortesque, 73 N. J. Eq.* (*3 Buch.*) *251.* And a bill of review filed after the expiration of the period for appeal will only be entertained in case of new or newly discovered matter. *Watkinson* v. *Watkinson, 68 N. J. Eq.* (*2 Robb.*) *632.*

In the present case a defendant, against whom a decree has been entered by reason of failure to answer, seeks leave to file a bill of review. The application is made by petition setting forth the defence which is claimed and the reasons why an answer was not filed. The petition has been promptly filed and is supported

by a general affidavit of verification only. In opposition to the prayer of the petition, several affidavits have been filed which raise substantial doubts in my mind whether the averments of the petition are true. In this condition of the record, I feel it my duty to seek further evidence before proceeding further. I think the prayer of the present petition should be denied; but without prejudice to the right of petitioner to file a petition to open the decree and to permit her to answer. That petition should be accompanied with specific affidavits setting forth in detail all evidence on which petitioner may reply. At the return of an order to show cause, counter affidavits may be read and an early final disposition of petitioner's claim may, in that manner, be procured.