PHILIP MARVEL et al.

*v.*

MORDECAI T. ENDICOTT et al.

[Submitted July 5th, 1915. Determined September 9th, 1915.]

1. Where the highest appellate court of the state has passed on a final decree, a bill of review based on a claim of error appearing on the face of the decree will be dismissed, since the highest court has in effect pronounced it proper.

2. Where the directors of a corporation, through an unlawful appropriation by them of its stock, received moneys in excess of what was lawfully their due, in a suit to recover such moneys they were liable for interest, since the law charged them with knowledge that they had no right to the stock.

On bill of review. On hearing on motion of defendants to dismiss bill.

*Messrs. Bourgeois & Coulomb,* for the complainants.

*Messrs. Endicott & Endicott,* for the defendants.

LEAMING, V. C.

Complainants herein have filed a bill of review to set aside the unexecuted portion of a certain final decree of this court heretofore made against them at the suit of defendants herein.

Defendants herein have moved to dismiss the bill.

The bill of review is wholly based upon a claim of error appearing on the face of the decree. The error alleged is that the decree should not have required the payment by complainants herein of interest on the money which had been received by them respectively in excess of the amounts due to them. Complainants have performed all of the decree except the payment of the interest referred to.

The bill of review contains a synopsis of the pleadings in the former suit and a copy of the final decree, and also sets forth that an appeal has been heretofore taken by complainants from said final decree to the court of errors and appeals, and that the decree has been by that court affirmed and the cause duly remanded to this court.

I am convinced that the motion to strike out the bill of review must be sustained.

In *Putnam* v. *Clark, 35 N. J. Eq. 145,* Chancellor Runyon, speaking for the court of errors and appeals (at *p. 150* of the reported case), says: "It must be borne in mind that there is a distinction in practice between an application for a review on the ground of error on the face of the decree, and one based on newly-discovered evidence. In the former, no bill of review can

be filed after a decree has been passed upon by the appellate tribunal, but in the latter it is otherwise. 'Where a decree,' says Judge Story, 'has been affirmed in parliament, it may well be doubted whether a bill of review for errors, appearing on the face of the decree, can be brought; for the highest appellate court has pronounced, in effect, that it is not erroneous. The same objection does not apply where the bill of review is for matter of newly-discovered evidence.' "

The matter above quoted was not directed to the specific issue before the court; but it forms a part of a learned discussion in an opinion filed for our court of last resort of the principles controlling the office of bills of review, and cannot be here reviewed or disregarded with propriety.

The arguments in support of the bill of review have been largely based upon matters not appearing on the face of the decree. If the entire record is to be thus considered, I am unable to discern any error in the interest charge. When the money due the directors was received by them their lawful claims against their corporation were fully discharged; the money thereafter received by them was received by them without right. That money was the fruit of an unlawful appropriation by them of stock belonging to the corporation which they represented. If they did not in fact know that they had no right to appropriate the stock, they should have known it, for the law charged them with that knowledge; the money received by them was accordingly the fruit of their own unlawful conduct and they should restore it with interest. It requires no extraordinary intelligence or conscience for a director of a corporation to realize that it is his first duty to represent the best interests of his corporation.

I will advise an order dismissing the bill.