WEST NEW YORK IMPROVEMENT COMPANY et al., complainants-appellants,

*v.*

THE TOWN OF WEST NEW YORK, defendants-respondents.

[Argued November 20th, 1917.    Decided March 4th, 1918.]

A decree of the chancellor adjudicating the rights of parties is a final adjudication of all matters in issue and determined, and such a decree cannot be opened in a collateral proceeding, not directed to that end, simply because it stands in the way of a different result in another cause. The earlier decree settles the rights of parties as to the issues involved and decided in the proceedings on which it is based, and to avoid it must be opened by a direct assault, or by an appeal.

---

On appeal from a decree of the court of chancery.

*Mr. Marshall Van Winkle* and *Mr. Gilbert Collins,* for the complainants-appellants.

*Mr. Mark A. Sullivan,* for the defendants-respondents.

The opinion of the court was delivered by

BERGEN, J.

In 1859 William W. Niles, being the owner of a tract of land in the township of Union, in the county of Hudson, made and

filed a map of the tract showing its division into lots and streets on which was protracted a street called Niles avenue, running east and west from Bergenline avenue, crossing the Bull's Ferry road, to the Hudson river, which is its easterly end, and where there is a high cliff with the Hudson river far below, so that the avenue could not be opened to the extent indicated on the map. The present bill was filed to quiet the title to the lands embraced within the lines of Niles avenue, as indicated on the map, lying east of the Bull's Ferry road (now Park avenue), and the Hudson river. The vice-chancellor advised that the bill be dismissed, and the chancellor so decreed. From this decree the complainant has appealed.

The facts not disputed are that lots were sold on the portion of the street to which this controversy is limited, and to quiet the title to which the bill was filed, by reference to the map as filed, and that such lots are now all owned by the complainant; that previous to 1890 James H. Symes became the owner of all the lands lying east of Park avenue, formerly Bull's Ferry road, and in that year filed his bill in equity to quiet the title to the land in which the township of Union, the municipality which the defendant succeeded, was made a party. This bill of complaint rested upon the ground that various maps had been made of the tract, some, if not all, subsequent to the original map of 1859; that these maps had protracted on them streets not consistent with the original map, and particularly inconsistent with Niles avenue, because of which, it was averred in the bill, the township claimed some interest in the land. The answer admitted the complainant's possession and claim of ownership but disavowed any information concerning the other averments set out in the bill.

The final decree in that case adjudged, among other things, that the township of Union had no estate or interest in or encumbrance upon the lands except the right to unpaid taxes and assessments levied against them. The lands in which it was adjudged and decreed that the township of Union had no estate or interest in, or encumbrance on, embraced that part of Niles avenue lying east of Park avenue.

The taxes reserved to the township by this decree were subsequently paid. This decree finally adjudged the rights of the parties to that litigation because the township, having been made a party, was bound to set up every claim or interest which it had antagonistic to the prayer of the bill, and if the right to accept the alleged dedication, based upon the map, then existed, not having been accepted for a period of forty years, the township was bound to make that claim at that time, and if it did not, the decree in the litigation to which it was a party finally determined all questions that it should have set up. *Chadwick* v. *Island Beach Co., 43 N. J. Eq. 616; Board of Home Missions* v. *Davis, 70 N. J. Eq. 577; affirmed, 71 N. J. Eq. 788.* Therefore by this decree it was adjudged that the township of Union had no interest in the lands, and removed any cloud from the title of Symes, the predecessor in title of the present complainant, and this decree cannot be assailed or set aside in any collateral proceeding.

Notwithstanding this adjudication the town of West New York, the present defendant, which succeeded to the government and the rights of the township of Union, did, by resolution, on April 2d, 1914, twenty-four years after the adjudication by the court of chancery that it had no estate, interest in or encumbrance upon the lands, and while that decree was in full force and effect, accept Niles avenue by virtue of which it claims an interest in so much of Niles avenue as lies east of Park avenue. The present bill was filed to quiet the title against this claim. In disposing of this bill the vice-chancellor disregarded the former decree, saying that, in his opinion the court was not authorized in 1890 in making that decree because it was based, in part at least, upon the stipulation and agreement of counsel, who, in his opinion, could not make such a stipulation, and that the decree in the court of chancery made in 1890 should be opened.

While the decree of dismissal does not in terms open that decree, it had that effect because, manifestly, the present decree could not have been made if the former decree remained in full force and effect.

We confess a moderate degree of surprise that a vice-chancellor should undertake to set aside the solemn decree of the court of chancery which had not been appealed from, and still remained in full force and effect, simply because he thought it should never have been made. Such a proceeding amounts to the exercise by the vice-chancellor of an appellate power to review all the decrees of the chancellor, however ancient, which do not comport with his view, although the decree may have been partly executed, as in this case by the payment of taxes reserved. to the same defendant in the former decree, the payment of which it had accepted.

The vice-chancellor had no power to open the original decree in the present proceeding. That decree had adjudicated between these parties the very question which is raised in the present proceedings and the complainant was entitled to a decree as prayed for upon the ground of *res judicata.*

The notion of the vice-chancellor that counsel for the defendant in the original suit had no authority to stipulate the facts, or to consent to the entry of the decree is fallacious. Courts constantly accept the stipulation of counsel as a basis for their judgments and decrees, and if such consent is made without authority, it is the duty of the party for whom it is made to promptly complain, and not wait for nearly a quarter of a century, after accepting so much of the decree as is favorable, to disavow the authority of counsel.

To get rid of a decree entered by consent of counsel in excess of his authority, the complaining party must act with reasonable promptness. The decree dismissing the bill will be reversed, and the record remitted to the court of chancery that it may be dealt with according to the views expressed by this court.

*For affirmance*—None.

*For reversal*—GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR—12.