MARK NASH, complainant,

*v.*

LEIDERMAN & NASH BUILDING COMPANY, defendant; EASTERN SASH AND DOOR COMPANY, appellant.

[Submitted May 25th, 1928. Decided October 15th, 1928.]

1. A lien claimant filed lien claims against property for materials supplied to the owner and builder in the erection thereof, and instituted suit on said liens. The owner and builder, a corporation, was adjudged by the court of chancery insolvent, and a receiver was appointed. The receiver applied for an order to sell the property. An order to sell was made by the court of chancery, which provided that the proceeds of sale should remain in the receiver's hands subject to

the same liens of all parties as they had against the property. The lien clamaint contended .its lien was prior to mortgages placed on the property. Later, the court of chancery directed by an order dated November 4th, 1925, the lien claimant to execute and deliver a discharge of its lien and also a release of the property from a lien of a judgment obtained on said lien claim. The order contained the same provision as to the lien claimant's rights attaching to the fund derived from the sale as did the former order. The lien claimant diligently prosecuted its suit. On February 17th, 1928, the court of chancery, by an order, vacated the protecting provision of the order of November 4th, 1925, and directed that the lien claimant be afforded an opportunity to prove its claim before the receiver; *held*, on an appeal of said order of February 17th, 1928, (1) that the court of chancery was without power to make the same, and (2) that said order was inequitable.

On appeal from an order of the court of chancery.

*Mr. Philip J. Schotland,* for the appellant.

*Mr. Milton M. Unger,* for the respondent.

The opinion of the court was delivered by

KATZENBACH, J.

This is an appeal from an order of the court of chancery dated February 17th, 1928, made in the above-entitled cause. For the proper understanding of the provisions of the order appealed from a brief review of the proceedings in the case prior to the making thereof is necessary. The appellant is the Eastern Sash and Door Company (hereinafter called the Eastern Company). On January 13th, 1925, the Leiderman and Nash Building Company, Incorporated (hereinafter referred to as the Building Company), entered into a written agreement with the Eastern Company by which the Building Company agreed to purchase and the Eastern Company agreed to sell certain building materials for four houses being erected by the Building Company in the town of Irvington, in the county of Essex. The Eastern Company delivered the materials for the houses between the date of the contract and April 13th, 1925. The price of the materials delivered

was $10,131.14.   Apportioned to each of the four houses, it amounted to $2,532.79 for each house.   The Eastern Company was not paid.   On April 30th, 1925, it filed a mechanics' lien against the houses and instituted suit thereon.   On May 5th, 1925, the Building Company, upon a bill filed in the court of chancery, was declared insolvent and a receiver . appointed. The houses had been mortgaged prior to the appointment of the receiver.   All of the materialmen, with the exception of the Eastern Company, had received payments from the proceeds of the mortgages and had signed postponements of their liens to the liens of the mortgages.   The Eastern Company claimed that its lien was prior to the liens of the mortgages.   There being an opportunity to sell the houses, application was made to the court of chancery in behalf of the receiver for an order to sell.   On June 22d, 1925, an order to sell was made by the court of chancery in which it was recited that the legality, order and priority of the mortgages and liens was in question.   The order provided that the receiver should sell the houses subject to the mortgages and that the proceeds of sale should remain in the hands of the receiver subject to the same liens of all parties in interest as they had against the real estate.   No, appeal from this order was taken by the Eastern Company as it undoubtedly felt itself sufficiently protected by the terms of the order.

The Eastern Company thereupon prosecuted its lien claim action.   On November 4th, 1925, the court of chancery, by another order, directed the Eastern Company to deliver to the receiver its proper warrant, duly executed and proved, discharging and cancelling the lien claim.   The order further provided for the delivery to the purchaser of the property by the Eastern Company its release from the lien of the judgment entered in the Essex county circuit court.   It was also provided in said order that if the lien of the Eastern Company should be established as a prior lien to the mortgages, said lien should be a first lien on the moneys in the hands of the receiver.   No appeal was taken from this order by the Eastern Company as it directed the doing of those matters necessary to effectuate the order of June 22d, 1925, and accorded. the

same protection to it as provided in said order of June 22d, 1925. On April 30th, 1926, the court of chancery made in the proceedings a decree fixing fees for the receiver and his counsel. This order provided that the balance of the funds should remain in the hands of the receiver until the further order of the court.

In the meantime the Eastern Company diligently prosecuted its action at law. When the case was reached at the circuit it was referred to a referee. Before the referee the issues presented were fully tried. The referee filed his report in which he found that the Eastern Company was entitled to the full amount of its lien claim, $14,316.86, and that its lien claim was prior to the lien of the mortgages of the Eleventh Ward Building and Loan Association. When the order of reference at the circuit was made each party reserved the right of trial by jury. The building and loan association, upon the coming in of the report, demanded a trial by jury. The cause was then placed on the list for trial.

On December 20th, 1927, the solicitor of the receiver gave notice to the Eastern Company that he would apply on December 27th, 1927, to the court of chancery for an order modifying that part of the order of November 4th, 1925, providing as follows:

"The lien of the said Eastern Sash and Door Company, if established as prior to the lien of said mortgages affecting said property, or either of them, and to the extent that it is so established, shall be a first lien on the moneys now in the hands of the said receiver, which he realized from the sale to Nathan Turkel of the said lands and premises, and to the extent that said lien of the Eastern Sash and Door Company is not established as a prior lien to said mortgages, or either of them, it shall be a lien as against the funds, in the hands of the receiver, in the same class with all other lien claimants, the priority to be determined according to law."

The grounds assigned in the notice for such action were (a) that the provision was not made on the application of the receiver, (b) that it was improvidently entered, and (c) that said provision is contrary to the determination of the receiver

and of the order of the court of chancery affirming the determination of the receiver.

The motion was apparently argued. About February 17th, 1928, the vice-chancellor before whom it was argued rendered the following opinion:

"I will in this case advise an order vacating the provision in the order of November 4th, 1925, complained of. The Eastern Sash and Door Company may then have the opportunity of proving its claim against the fund in the receiver's hands, with the usual right to review."

Thereupon an order dated February 17th, 1928, was entered vacating the provision of the order of November 4th, 1925, hereinbefore recited at length, and ordering that the receiver accord to the Eastern Company an opportunity of proving its claim before him, with the usual right to review the determination of the receiver.

The order is of somewhat doubtful meaning. It apparently deprives the Eastern Company of its right to establish, if it can, its priority to the fund in the receiver's hands, which it has always claimed, and in which it was protected by the orders of the court of chancery of June 22d, 1925, and November 4th, 1925. The order of February 17th, 1928, is, however, clear to the extent that it purports to nullify all the proceedings in the Essex county circuit court taken by the Eastern Company to establish its lien as prior to the lien of the mortgages, or any of them, upon the properties sold by the receiver. From this order of February 17th, 1928, the Eastern Company has appealed.

An inspection of the order under review shows that it is a material alteration, if not a reversal, of the order of November 4th, 1925. It was made some two years and three months after the order it purports to alter or modify was made. The time for appealing from the order of November 4th, 1925, had long since expired. No appeal had been taken therefrom by the receiver or any party in interest. The question naturally suggests itself as to whether the court of chancery has the power to alter an order made by it which fixes the status and the rights of the parties interested in the subject-matter

thereof by merely making at a subsequent time, and after the time within which an appeal may be taken from the order has expired, a new order upon the same subject-matter which materially alters the former order. If this be within the province of the court of chancery then there is no finality to any order which the court can make, for if an order can be made modifying an order made two years and three months prior thereto an order of modification could as well be made ten or twenty years subsequent to the making of the original order. If this be the law the right accorded a party by a former order would never be secure. A party could, after years of diligence in the prosecution of a claim, as in the present case, be deprived of the benefits reserved to it in a former order. The same principle which applies to a decree of the court of chancery applies to an order of said court. We do not think the power exercised by the court of chancery in modifying the order of November 4th, 1925, is vested in said court.

This court has frequently held that to procure a reversal, alteration or explanation of a decree in a former suit, it must be by a bill of review where the decree has been signed and enrolled. This applies equally to an order settling rights of those who are parties to the litigation. Although there is no express statutory limitation as to the filing of bills of review, the analagous limitation of the right of appeal governs, except in case of new or newly-discovered matter. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632; Mitchell* v. *Mitchell, 97 N. J. Eq. 298; In re Roberson, 95 N. J. Eq. 672.* The order appealed from was not based on any new or newly-discovered evidence. The opinion of the vice-chancellor hereinbefore quoted states no ground for the making of the order. The reasons given in the notice of motion are without merit. They are also in fact untrue, as the order of November 4th, 1925, was made upon the application of the receiver, and as far as the record discloses there was at the time no determination of the receiver upon the question of the priority of liens and no order affirming a determination of the reciver. The best evidence of this is the language of the order appealed from

which accords to the Eastern Company the opportunity of proving its claim before the receiver. If the order of November 4th, 1925, was improvidently entered the receiver should have exercised his right of appeal. After the limitation of the right of appeal has expired it is too late to question the order in this regard. The court of chancery was not, in our opinion, clothed with the power to make the order appealed from.

In view of the holding that the court of chancery had no power to make the order of February 17th, 1928, it is unnecessary to refer to the equitableness of the order appealed from. We feel, however, that a few words should be said upon this subject in order that our silence may not be construed as an assent to the provisions of the order. In our opinion the order appealed from is inequitable. The orders of June 22d, 1925, and November 4th, 1925, preserved as against the proceeds of the sale of the properties the same rights by way of lien which the Eastern Company had against the properties. Of these rights it could not be deprived by any order of the court of chancery. It was further inequitable, in our opinion, to render futile the two years of effort made by the Eastern Company to establish in a law court its priority of lien over the mortgages of the Eleventh Ward Building and Loan Association.

The order appealed from is reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.