After affirmance of the final decree in this cause by the court of errors and appeals (106 N.J. Eq. 276) a petition was filed on behalf of the defendant praying that this court reopen and set aside its final decree on the ground that specific performance by the defendant in accordance with that decree would impose an unreasonable hardship upon the defendant for two reasons: first, that it was impossible because of building restrictions for the defendant to erect an apartment house on the lands the subject of the contract as contemplated by the agreement of sale; and second, that the title to the lands was defective in several particulars, specifically set out in the petition. On the return of the order to show cause issued upon the filing of that petition an order was entered referring the matter to a master for the purpose of taking testimony respecting the alleged defects of title. The court refused to consider the matter of the building restrictions as a ground for reopening the decree inasmuch as that matter had been considered both by this court originally and by the court of errors and appeals on appeal. This proceeding is in the nature of a bill of review and is the simpler course of procedure now recognized. In re O'Mara,106 N.J. Eq. 311. In Boyer v. Boyer (1910), 77 N.J. Eq. 144,
it was suggested that "after the period for appeal has expired, or after an appeal has been taken and the decree affirmed, the court of chancery cannot entertain a petition to open a decree. Such a decree can be challenged only by a bill of review." But in equity there is no magic in form and the practice by petition and order to show cause, after time to appeal has expired, has been recognized by the court of errors and appeals in Mitchell v.Mitchell (1924), 97 N.J. Eq. 298. No objection to the present form of proceeding was made here and I think it should be "recognized in aid of simplicity and directness of procedure." Pursuant to the order of reference testimony has been taken respecting the alleged defect in title and that testimony, together with briefs of counsel, has been submitted and considered and I *Page 487 
have reached the conclusion that the prayer of the petition should be denied.
An inspection of the briefs submitted in the court of errors and appeals on behalf of both complainants and defendants indicates that all questions which are now argued in this proceeding were argued in the court of errors and appeals and considered by that court, and this alone should warrant the dismissal of the present petition. Notwithstanding that fact, however, I have considered the evidence submitted, and, while I have no doubt that in a proper case it would be the duty of this court to arrest its decree of specific performance where it was shown that the vendor was unable to deliver title to the land which was the subject of the sale, there is nothing in the evidence here presented which indicates that the vendor is not able to deliver a good and marketable title to the premises in question. The main attack upon the title is based upon the trustee's deed and the foreclosure proceedings. Both these matters were before the court of errors and appeals and that court apparently considered them without merit as objections to the title. As to the variation of six and sixty-seven hundredths of a foot between the deed and survey distances from Clinton avenue, the testimony of two competent engineers shows that there is nothing in it.
It is true that the contract provided that title should not be based upon adverse possession, but it is too late now to object to title on that ground, assuming that the title is not subject to successful attack because invalid. The defendant-petitioner had ample opportunity to examine the title and satisfy itself as to its condition prior to the final hearing in this court but did not do so. If, therefore, the vendor has a valid title, notwithstanding it may be based upon an adverse possession, the vendee will not be subjected to unreasonable hardships by accepting such title and should be obliged to perform. But aside from that it is clear that the complainant has a good statutory title. The testimony taken on this proceeding showed that the complainants and their predecessors in title had had actual possession of the premises in question for upwards of forty years. The statute (Cum. Supp. Comp. *Page 488 Stat. 1924 p. 1816 § 28) provides that thirty years' actual possession of any lands except woodlands or uncultivated tracts uninterruptedly continued by occupancy, descent, conveyance or otherwise, shall vest full and complete title in every actual possessor or occupier of such land and shall be a complete bar to all claims for the recovery thereof. It is clear, therefore, that the complainants have a complete statutory title. Such a title is not title by "adverse possession" within the meaning of that term as used in the contract. Model Plan Agency v. Diamond,100 N.J. Eq. 244; affirmed, 101 N.J. Eq. 786.
Defendant's argument is based upon the proposition that equity will not compel a purchaser to specifically perform his contract of purchase where there is a doubtful question of law or fact affecting the title of the vendor. There is no doubt about this rule. Kohlrepp v. Ram, 79 N.J. Eq. 386; Sharpe v. Stretch,98 N.J. Eq. 225; Breitman v. Jaehnal, 99 N.J. Eq. 243. But the doubt must be real and not fanciful. Breitman v. Jaehnal,supra. And where it appears that a complete and unassailable title has vested by virtue of a statute, specific performance will not be refused even though without the statute the court would refuse its aid.
Acceptance of vendor's title will impose no hardship upon the defendant. The only hardship that could possibly arise would be by reason of its inability to erect an apartment house on these premises, but that matter has already been disposed of both by the court of errors and appeals and by this court. The petition will therefore be dismissed. *Page 489