CHARLOTTE V. K. HEDDEN, administratrix, et al.,
complainants,

*v.*

IDA F. HEDDEN, trustee, et al., defendants.

[Decided September 2d, 1932.]

*Messrs. Starr, Summerill & Lloyd,* for the complainants.

*Mr. Henry G. Pilch,* for the defendant Ida F. Hedden, trustee, and as administratrix.

*Messrs. De Graw, Murray & Keenan,* for the defendant William P. Hedden, substituted administrator with the will annexed of Elma R. Hedden, deceased.

INGERSOLL, V. C.

The first question for determination is to whom payment should be made under clause three of the will of Elma R. Hedden, deceased, which reads as follows:

> *"Third.* I give, devise and bequeath the remaining one-third of said residue and remainder· unto my daughter-in-law, Ida F. Hedden in trust to pay, transfer or divide the trust fund unto, between or among such child or children of the said Ida F. Hedden as shall survive me and attain the age of twenty-five years, and the child or children of the said Ida F. Hedden who shall be dead at my death, or shall die under the age of twenty-five years, and, if more than one, in equal shares as between brothers and sisters; but so that the child or children collectively of any child of the said Ida F. Hedden dead at my death, or dying under the age of twenty-five years, shall take only such share as his, her or their parent would have taken if living."

James L. Hedden, one of Ida F. Hedden's three children, survived the testatrix. He was more than twenty-five years of age when the testatrix died on April 27th, 1924, and died intestate on July 12th, 1925.

Vice-Chancellor Backes has already said, in the New Jersey prerogative court, on appeal from the Essex county orphans court:

"The share vested in James L. Hedden at the death of the testatrix and the equitable right of enjoyment was in him. The directions of the will to pay it to the trustee was for the convenience of the estate, to hold the share to await the contingency of the legatee arriving at the age of twenty-five years, and as that event happened before the trust came into existence it became simply a dry trust, and the trustee a mere conduit, who upon a literal compliance with the directions of the will would be in duty bound, upon demand, to forthwith pay over the share."

It follows, therefore, that the payment of James L. Hedden's share should be made to Charlotte V. K. Hedden, administratrix in New Jersey of the said estate of James L. Hedden, deceased.

The second question is whether the trustee or administratrix appointed in Ohio can attack collaterally the order of the prerogative court made on the 19th day of April, 1929, naming Charlotte V. K. Hedden as administratrix of James L. Hedden, deceased.

From that order no appeal nor any other action seeking its reversal or modification was ever taken by any of the

parties in interest. Consequently, its verity, validity or binding effect is not open to impeachment or contradiction by any of the parties thereto or their privies in this collateral proceeding. *In re Leupp, 108 N. J. Eq. 49; 153 Atl. Rep. 842,* quoting the following cases: *West New York Improvement Co.* v. *West New York, 88 N. J. Eq. 571; 104 Atl. Rep. 611; Crawford* v. *Lees, 84 N. J. Eq. 324; 93 Atl. Rep. 201; Podesta* v. *Binns, 69 N. J. Eq. 387; 60 Atl. Rep. 815; Diehl* v. *Page, 3 N. J. Eq. 143; Plume* v. *Howard Savings Institution, 46 N. J. Law 211* (since such can only be done by a direct assault upon or by an appeal from said order) ; *West New York Improvement Co.* v. *West New York, supra; National Docks, &c., Railway Co.* v. *Pennsylvania Railroad Co., 52 N. J. Eq. 58; 28 Atl. Rep. 71; McCahill* v. *Equitable Life Assurance Society, 26 N. J. Eq. 531.*

A decree will be advised in accordance with these views.