Complainants, petitioners herein, seek to review an order of this court entered on May 26th, 1936, on the ground that there was a "mistake of law upon the part of the court" in the making of such order so that "a special equity exists in their [complainants] favor whereby the order * * * should be opened, vacated and for nothing holden in so far as it [said order] denied a revivor to your petitioners [complainants] of a certain action then pending in this court."
Petitioners for a review of the order aforesaid and defendants agree that said order was final in its effect and that no appeal therefrom has ever been taken by petitioners and that the time within which an appeal could have been taken has *Page 168 
long since expired. A recital of the events leading up to the entering of the order of May 26th aforesaid may serve to clarify the situation of all the parties with respect to the litigation leading up to the entry of said order and any "special equity" that may arise therefrom in petitioners' favor.
On August 11th, 1933, petitioners' predecessor administratorscum testamento annexo of the estate of Mary A. Wootton, deceased, filed a bill to foreclose a $75,000 mortgage made by Annie E. Wagner during her lifetime to Mary A. Wootton, since deceased, naming as defendants therein the executors, heirs, devisees and legatees of the said Wagner as parties defendant.
Upon motion, the bill of complaint was dismissed as to certain defendants under order of this court dated August 22d 1933,Docket 97, page 504. Thereafter the foreclosure suit proceeded to final decree and the mortgaged premises were sold to complainant for a nominal bid. Some of the defendants asked that the fair value of the mortgaged premises be set off against the deficiency. The result was that through appropriate proceedings the fair value of the mortgaged premises was established and complainant petitioners herein agreed thereto, with the result that the deficiency was established as between the parties to the foreclosure litigation.
Subsequent to the above events, in June of 1934, complainants filed their bill to collect the deficiency and alleged that William R. Layton was obliged to pay the said deficiency because Annie E. Wagner was the obligor on the bond and William R. Layton, as devisee and legatee under the last will and testament of Annie E. Wagner, was liable for the obligation of the Wagner bond.
Subsequent to the filing of the bill mentioned in the preceding paragraph hereof, Layton died on January 23d 1936, and Robert M. Johnston, one of the administrators of Mary A. Wootton, also died. Layton died testate, making a money bequest to his wife and gave the remainder and residue of his estate to others and appointed William M. Clevenger as executor. *Page 169 
In November of 1935 complainants filed an amended bill which was identical with the first bill of complaint excepting that it added an additional cause of action thereto.
After the death of Layton and Johnston as aforesaid the petitioners herein filed a petition to have the suit to recover the deficiency revived and continued in the names of the surviving administrators cum testamento annexo of the Wootton estate as complainants and against the other defendants named in the bill of complaint, and particularly sought a revivor against the devisees of Layton, deceased, the devisees of Annie E. Wagner, deceased, and against William M. Clevenger, executor of Layton, and the legatees of the Wagner estate, as well as thelegatees of the Layton estate.
The order of May 26th, 1936, of which complaint is now made, was entered permitting the suit to stand revived against the defendants named therein in their capacity as devisees of Layton, deceased, as devisee of Annie E. Wagner, deceased.
The order to revive was denied as against William M. Clevenger, executor of Layton, deceased, and as against the legatees of Layton or Wagner.
The conclusions of the court under which the order of May 26th was entered are to be found in Wootton v. Pollock, 120 N.J. Eq. 245.
After the entry of the order aforesaid, to wit, in August of 1936, complainants, petitioners herein, filed a new bill of complaint entitled "Amended and Supplemental Bill of Complaint" and referred to herein as the third bill of complaint.
This third bill of complaint consisted of four counts or separate causes of action. In the first count recovery was sought against the real estate which was devised to Layton under the will of Annie E. Wagner. The second count sought recovery against Pollock. The third count was by one Kiess, administrator adprosequendum of the estate of Wagner and was against Clevenger, executor of the estate of Layton, and Bachman, another legatee of Wagner, on the refunding bonds which these two parties filed as legatees in the Wagner estate. This was done notwithstanding the fact that the court, in *Page 170 
the order of May 26th aforesaid, had expressly refused to revive as against the legatees of Wagner. The fourth cause of action was against Clevenger, executor of Layton, and Bachman as legatee of Wagner, and this notwithstanding that revivor had been denied against these legatees.
The defendants in the litigation aforesaid filed answers, with the exception of Bachman, who was not represented and against whom a decree pro confesso has been entered, reserving the right to move to strike the bill of complaint as against those named therein, against whom an order of revivor had been denied.
The litigation came on for final hearing, at which time the defendants aforesaid argued the motion to strike and at which time the testimony offered by each side was heard, the court reserving the questions raised under the motion to strike, as well as final determination on the merits. The hearing was held on April 30th, 1937, and thereafter, to wit, on February 18th, 1938, the petition herein was filed seeking to review the order of May 26th aforesaid.
Obviously the only subject of these conclusions will be as to whether or not the prayer of the petition for review should be granted.
In view of the decision by the court of errors and appeals in the case of Carter v. Fidelity Union Trust Co., 120 N.J. Eq. 578,
it appears that the order of this court, made on May 26th aforesaid, was contrary to the decisions of this court and if an appeal had been taken the order would have been reversed and accordingly, this court, following the decision of the court of errors and appeals, must disapprove its opinion in Wootton v.Pollock, supra.
It is well settled that in order to justify an order for review the petition must allege and the proofs must sustain an allegation of newly discovered evidence, fraud or some special equity, unless error in law is apparent on the face of the decree. Watkinson v. Watkinson, 68 N.J. Eq. 632; Sparks v.Fortescue, 75 N.J. Eq. 586; Boyer v. Boyer, 77 N.J. Eq. 144;Mitchell v. Mitchell, 97 N.J. Eq. 298; Nash v. Leiderman Nash Building Co., 103 N.J. Eq. 287; *Page 171 McKenzie v. Standard Bleachery Co., 109 N.J. Eq. 429; Locher
v. Locher, 111 N.J. Eq. 123, 125; Miller v. McCutcheon,117 N.J. Eq. 123.
The true scope of the meaning of the term "special equity" is set forth in Watkinson v. Watkinson, supra, in which case the court said:
"Such a bill must rest on error in law upon the face of the decree without further examination of matters of fact, fraud in procuring former decree, new facts, or upon some new matter which has been discovered after the decree and could not possibly have been used when the decree was made."
As pointed out by Vice-Chancellor Bigelow in Fidelity UnionTrust Co. v. Petchensky, 119 N.J. Eq. 514 (at pp. 522, 523), the court in the Watkinson Case said:
"The time of appeal having expired when this application for leave to file the bill of review was made, the petitioner was barred unless her case could be brought strictly within the exception of newly discovered evidence or some special equity that would give the court the discretionary power to make the order."
Vice-Chancellor Bigelow then points out that: "In the latter quotation the exception of newly discovered evidence or of somespecial equity, is equivalent to the expression in the first quotation — fraud, new facts, or new matter discovered after the decree; the exception embraces all grounds for a bill of review, save error apparent."
The same vice-chancellor points out (at p. 523) that "the limitation on bills of review is confined to bills framed on reasons which could be the basis of an appeal."
If this pronouncement by the learned vice-chancellor is a correct statement of the law, and there seems to be no question that it is, then the petitioners herein are not entitled to a review of the order of May 26th, because the reason alleged as a ground for a review is an error on the part of the court as to the true intent and meaning of prior decisions of the courts of this state, from which erroneous order an appeal should have been taken. *Page 172 
It has been repeatedly held that changes in the law after the entry of a decree do not constitute new matter. Miller v.McCutcheon, supra; Breen Iron Works v. Richardson,115 N.J. Law 305; Scotten v. Littlefield, 235 U.S. 407; John SimmonsCo. v. Grier Bros. Co., 258 U.S. 82-88.
Of course the so-called special equity in the instant case does not arise by reason of a change in the law after decree entered. That which gave rise to petitioners' allegation of a special equity rests on error of the court in applying existing law, but petitioners say that under the case of In re O'Mara, 106 N.J. Eq. 311,
this court would be justified in granting petitioners the relief sought for.
In Miller v. McCutcheon, supra, the court of errors and appeals disapproved of In re O'Mara, supra, in so far as theO'Mara Case decided that: "a change in the stated law by judicial decision is new matter such as to entitle a petitioner to file a bill of review" after time for appeal had passed. It is argued that, even so, the court of errors and appeals did not overrule the O'Mara Case in so far as it held that there was a special equity which entitled the court to correct its former decree. Even if this be true (I express no opinion), in theO'Mara Case the fund in controversy had not been distributed, while in the instant case the defendants against whom petitioners now wish to review the court's decree were finally and totally dismissed from the litigation by the order complained of.
Without passing further on the extent to which courts will go in granting a bill for review on "special equities" and without further discussing the question as to whether our courts, in using this term "special equity" have not used it as referring to newly discovered evidence or fraud, I think it is clear that the reason assigned by petitioners herein does not constitute a special equity justifying the relief sought for, but it seems clear that the mere fact that a case is not well decided, resulting in an erroneous decree, must be corrected by appeal and not by review.
A very instructive case is Hoffman v. Knox,50 Fed. Rep. 484, in which the court held (at p. 490): *Page 173 
"The general rule is that such a bill does not lie to correct a mere error, which would, in effect, render it nothing more than a substitute for an appeal."
And (at p. 490) the court further said that the true principle "is that the remedy for mere error in a final decree is by appeal, and that the error apparent for which such a decree may be impeached by bill of review must be more than the result of mistaken judgment."
Vice-Chancellor Fallon, in Oddo v. Saibin, 106 N.J. Eq. 453,
at the bottom of page 460 clearly expresses the principle which precludes petitioners herein from a review of the former order of this court. He said:
"The litigants may have erred in the form of action and in the procedure followed in this court and in the law court. This court and the law court may have erred in judgment. It is to correct such error as may occur from time to time in procedure and by the judgments of judicial tribunals that appellate tribunals are established. Our court of errors and appeals has been constitutionally established therefor. If tribunals such as our court of chancery, supreme court, circuit court, and inferior courts were infallible, there would be no need for our court of errors and appeals."
In West New York Improvement Co. v. Town of West New York,88 N.J. Eq. 571 (at p. 572), the court of errors and appeals said:
"We confess a moderate degree of surprise that a vice-chancellor should undertake to set aside the solemn decree of the court of chancery which had not been appealed from, and still remained in full force and effect, simply because he thought it should never have been made. Such a proceeding amounts to the exercise by the vice-chancellor of an appellate power to review all the decrees of the chancellor, however ancient, which do not comport with his view."
In Nash v. Leiderman Nash Building Co., supra, the same court said, with reference to the power of this court to alter an order made by it which fixed the status and the rights of the parties interested therein: *Page 174 
"If this be within the province of the court of chancery, then there is no finality to any order which the court can make, for, if an order can be made modifying an order made two years and three months prior thereto, an order of modification could as well be made ten or twenty years subsequent to the making of the original order. If this be the law, the right accorded a party by a former order would never be secure."
The petition for review is denied. *Page 175