Complainant brought this suit to redeem certain stock in the defendant bus company, which had been deposited as security on his note, and which after default on the note has been sold and acquired by certain of the defendants. His bill contained the essential allegation that he was ready, willing and able to redeem this security by paying the amount of his obligation. After the suit had been at issue for several months without any steps being taken by complainant to bring it on to hearing, defendants made a motion to dismiss the bill on the ground, among others, that complainant was not acting in good faith in proffering the amount of his obligation and was not in a position to make good his tender. It developed that complainant did not have the funds available to make the tender and he was ordered to pay the money into court as a condition of proceeding. He did not comply with the terms of this order within the time limited and in fact has never complied with it. Subsequent application was made by defendants to dismiss the bill on the ground that complainant had not complied with the order and after ample opportunity had been given complainant to make a deposit, an order was entered on February 1st, 1938, dismissing the bill for the reason that complainant had not made the deposit.
The matter is now before the court on order to show cause dated the 31st day of January, 1939, to show cause why the order dismissing the bill should not be vacated and the suit allowed to proceed to final hearing.
The order dismissing the bill must stand. Complainant has been given repeated opportunity to comply with the requirement of tender to the court of the sum necessary to redeem. He has entirely failed to comply and has not shown satisfactory or convincing reason for his failure to do so. Apart from that, complainant has lost all right to a vacation of the order by reason of the fact that he has failed to make *Page 544 
his application within the time limited by statute for the taking of an appeal. This court is accordingly without power to grant him the relief he asks, since he does not come within the exception to the rule which permits the opening of judgments and decrees by reason of fraud or newly discovered evidence. Locher
v. Locher, 111 N.J. Eq. 123, and cases cited therein. See, also, Fidelity Union Trust Co. v. North Jersey Poultry,123 N.J. Eq. 259, in court of errors and appeals citing Watkinson
v. Watkinson, 68 N.J. Eq. 632; Sparks v. Fortescue, 75 N.J. Eq. 586; Boyer v. Boyer, 77 N.J. Eq. 144; Mitchell v.Mitchell, 97 N.J. Eq. 298; McKenzie v. Standard Bleachery Co.,109 N.J. Eq. 429, and Grunstra v. New-Ark Petroleum Corp.,111 N.J. Eq. 451.
The complainant has had ample opportunity to assert his rights in court and has repeatedly failed to comply with the requirements necessary to enable him to proceed. The defendants have certain rights also and one of these rights is that there shall be some stage in the proceedings when there be an end of litigation. The statute has provided such a period for the provision that an order must either be vacated or appealed from within a certain time after its entry. The application to vacate the order of dismissal will be denied. *Page 545