Some litigants are unable to acquiesce in the judgments that go against them. After a relatively lengthy hearing, the factual and equitable issues of this cause were very deliberately considered.134 N.J. Eq. 513; 36 Atl. Rep. 2d 410. A final decree was entered in favor of the complainant. The propriety of the decree was investigated by the Court of Errors and Appeals, and the decree was affirmed. 136 N.J. *Page 362 Eq. 103; 40 Atl. Rep. 2d 548. To keep the same subject in a course of repetitious litigation without recognizable justification is inimical to sound jurisprudence and public policy. Tomkins v. Tomkins, 11 N.J. Eq. 512; Dringer v.Receiver of Erie Railway, 42 N.J. Eq. 573; 8 Atl. Rep. 811;affirmed, 43 N.J. Eq. 701; 13 Atl. Rep. 664; Miller v.McCutcheon, 117 N.J. Eq. 123, 130; 175 Atl. Rep. 155. Open the doors and welcome them and posterior ideas will walk in.
The defendant by petition now seeks a substantial alteration of the final decree. The procedure initiated by petition instead of by a bill of review was earnestly recommended by Vice-Chancellor Stevenson in Kearns v. Kearns, 70 N.J. Eq. 483, 487;62 Atl. Rep. 305, and for reasons of simplicity and directness has been latterly approved. Mitchell v. Mitchell, 97 N.J. Eq. 298;127 Atl. Rep. 185; Boyer v. Boyer, 77 N.J. Eq. 144;76 Atl. Rep. 309. Counsel for the complainant, conceiving that the allegations and disclosures of the petition are inept, has moved to strike the petition in pursuance of a present practice analogical of the former demurrer. 2 Dan. Ch. Pl. Pr., § 1583;Sparks v. Fortescue, 75 N.J. Eq. 586, 589; 73 Atl. Rep. 595.
The present inquiry therefore centers upon the substantiality of the petition.
The object, of course, of a bill of review is to procure the reversal, alteration, or explanation of a final decree in a former suit. 2 Dan. Ch. Pl. Pr., § 1576. However, the grounds on which it is maintainable and operative have been definitely declared, fundamentally by Lord Bacon's first ordinance (Traphagen v. Voorhees, 45 N.J. Eq. 41, 43;16 Atl. Rep. 198), and elucidated by the decisions reported in Watkinson v.Watkinson, 68 N.J. Eq. 632; 60 Atl. Rep. 931; Miller v.McCutcheon, supra; Fidelity Union Trust Co. v. Petchensky,119 N.J. Eq. 514; 183 Atl. Rep. 472; Wootton v. Pollock, 124 N.J. Eq. 167; 200 Atl. Rep. 748; affirmed, 125 N.J. Eq. 432;6 Atl. Rep. 2d 216; In re Kuser's Estate, 132 N.J. Eq. 260;26 Atl. Rep. 2d 688. The grounds essential to support such a review of the decree may be tersely catalogued as (1) error in law apparent on the face of the decree without further examination of matters of fact; (2) fraud in the procurement of the decree; (3) accident or *Page 363 
mistake; and (4) newly discovered evidence. Watkinson v.Watkinson, supra; 2 Dan. Ch. Pl. Pr., § 1576; 19 Am. Jur., §428.
The present petition does not bear upon any of those grounds. Its purport is that the decree whereby it was resolved, upon the proofs, that the defendant by way of settlement voluntarily and intentionally vested the absolute and unqualified title of the property in his wife operates inequitably against the defendant, and should now be diversified to provide the defendant with a life estate in the property subject to the obligations of a life tenant, and a reversion of the title to him in the event his wife predecease him, or, as the petition states, supply "such other and different terms, provisions or conditions as to the court may seem to be just and equitable."
The following quotations excised from the opinion (percuriam) of the appellate court expose the infirmity of the defendant's present application:
"The facts material to a decision of the case are stated in the opinion of the Vice-Chancellor and will not be repeated here further than to say that the original purchase price was checked by Mrs. Strong to the vendor directly from her bank account: that the funds were placed there by the husband to enable her to acquire title in her name precisely as was done; that the record title was, by warranty deed without reservation or trust limitation, placed in Mrs. Strong with the full knowledge of and at the direction of her husband * * *."
"The proofs failed to convince the Court of Chancery and fail to convince us, that the conveyance to Mrs. Strong was not, at the time, intended by all the parties to that transaction, including Mr. Strong, to have the legal effect incident to the terms of such a conveyance."
It is immediately evident that the criticism now addressed to the decree is one that was manifestly within the scope of the appeal. Indeed, it is conspicuous that the intention, if any, of the defendant to retain an interest or estate in the premises was heretofore a subject of primary consideration both in this court and in the court of last resort, where the *Page 364 
fashion and equitableness of the decree were sustained.Eckhouse v. Berwyn Estates, 106 N.J. Eq. 485;151 Atl. Rep. 371. The acknowledgment of the defendant that after the conveyance to his wife, he leased a portion of the property for the use of his business company and paid rent to his wife for its occupancy, repelled any permissible inference that he had intended to retain a life estate in the property. Acta exterioraindicant interiora secreta. 8 Coke 146. The itinerary which the judge has traveled in reaching his destination is not always discernible to the unsuccessful litigant.
Where, however, the highest appellate court has on appeal sustained the propriety of a final decree of this court, a bill or petition of review is not thereafter maintainable in this court solely upon the ground that the cause was not well decided in that some other or different equitable relief might have been granted. Marvel v. Endicott, 85 N.J. Eq. 52;95 Atl. Rep. 361. Also, Oddo v. Saiben, 106 N.J. Eq. 453, 460;151 Atl. Rep. 289; West New York Improvement Co. v. Town of West NewYork, 88 N.J. Eq. 571, 572; 104 Atl. Rep. 611; Nash v.Leiderman Nash Building Co., 103 N.J. Eq. 287;143 Atl. Rep. 349; Wootton v. Pollock, supra; Hoffman v. Knox,50 Fed. Rep. 484, 490; 2 Dan. Ch. Pl. Pr., § 1576; Story Equity Pl., § 407;19 Am. Jur., § 426. Diversity of opinion finds abundant fertility in a field of moral philosophy, but except for the stated cogent reasons, a final decree approved by the highest judicial authority should be accepted as a finality.
An order will be advised dismissing the petition. *Page 365