MARY AGNES HEYER, by her next friend,.

v.

MICHAEL A. SULLIVAN et al.

[Heard and decided May 28th, 1917.]

1. Where testatrix's estate has been fully administered except as to certain corporate shares specifically bequeathed the right of action to recover such shares is in the legatee, the executor's qualified estate therein being at an end.

2. The orphans court, in which such estate was settled, had not the power to try the title to such shares under P. L. 1909 p. 284.

3. Evidence held insufficient to establish a gift of such shares by testator to her son, as against the specific legacy given by the terms of the will.

4. Delivery of a certificate of stock without actual transfer or a written assignment or power to transfer, although accompanied with words of gift, does not constitute a valid gift inter vivos.

On bill, &c.

Mr. Thomas J. Brogan, for the complainant.

Mr. Theodore Rurode, for the defendant.

BACKES, V. C.

·This bill is to recover a specific legacy of ten shares of the capital stock of the Jersey City Horse Manure Company. Mary Sullivan, deceased, owned thirty-two shares of the stock of this company, and by her will dated February 10th, 1912, bequeathed ten shares to the complainant and the remaining shares to her son, the defendant, Michael A. Sullivan. Sullivan claims the thirty-two shares by gift from his mother under date of January 12th, 1910, at which time the stock was transferred to him upon the books of the company. The prayer is that Sullivan transfer to the complainant the ten shares, and also pay over to her the

dividends thereon, received by him since the death of his mother, amounting to upwards of $2,000.

Two preliminary questions are presented. The first is that the right of action is in the executor and not in the complainant; and second, that the orphans court of Hudson county has adjudged the controversy.

1. The estate of the testatrix has been fully administered in the orphans court, except as to the shares here involved. The complainant's title is by virtue of the will. The qualified estate of the executor therein is at an end. His duty to surrender the legacy to the complainant will be presumed to have been performed. "Equity regards that as done which ought to be done." The executor is a party to the suit and does not object. See *Hayes* v. *Hayes, 45 N. J. Eq. 461.*

2. Upon the petition of the executor, the orphans court ordered Sullivan to show cause why he should not surrender the ten shares of stock and after a hearing adjudged the shares to be assets of the estate and ordered them to be transferred upon the books of the company and delivered to the executor. From this order an appeal is pending in the prerogative court. Chapter 190 of the Laws of 1909 (*P. L. 1909 p. 284*), authorizes a discovery in the orphans court of the estate of decedent and empowers the court to "take such proceedings for the recovery of any assets of the said estate so discovered by order or decree as may be taken in like cases in the court of chancery." The orphans court had not the power to summarily try the title and determine the question of gift or no gift. There is nothing in the act to warrant the decree. The court of chancery on discovery, on bill for that purpose, simply restrains third parties from disposing of disputed property, and determines the issue of fraudulent trust on final hearing upon pleadings and proofs. A receiver appointed under the act (*Comp. Stat. p. 435*) must proceed against third parties to recover other than trust property according to the course of the common law. The subject-matter of this litigation not being within the jurisdiction of the orphans court, its decree must be disregarded.

The gift is not established. It is supported by the testimony of the donee only, who says that his mother called him into her

room one day and said, "Here, I have promised you this stock for some time," and that she then handed to him the certificate, reserving the right to the dividends thereafter to accrue, which he says he paid to her down to the time of her death. The usual form of assignment and power of attorney to transfer, printed on the back of the certificate, is not filled out. It bears date January 12th, 1910, and purports to have been signed by Mary Sullivan by her mark, and witnessed by Hannah Flynn. In this form the stock was transferred to Sullivan upon the books of the company, which he owned and controlled. No attempt was made by Sullivan to prove the mark to be his mother's, nor to prove the signature of the subscribing witness. Hannah Flynn, the supposed subscribing witness, daughter of Mary Sullivan, denied the signature as hers. It may also be observed that it is deducible from the testimony that Sullivan had access to his mother's papers. The circumstances arouse grave suspicion as to the genuineness of the mark, but it is not necessary to dwell upon this serious aspect of the case in reaching the conclusion that the defendant has not made out a gift.

A delivery of a certificate of stock without actual transfer or a written assignment or power to transfer, although accompanied with words of gift, does not constitute a valid gift *inter vivos*. *Matthews* v. *Hoagland, 48 N. J. Eq. 455.* There is no proof of a written assignment or transfer. *36 Cyc. 455.*

The naked and absolutely uncorroborated testimony of a donee will not be accepted as sufficient to sustain a gift as against the estate of a deceased donor. *Berg* v. *Baldwin, 84 N. J. Eq. 90; affirmed, 84 N. J. Eq. 193.*

To this may be added that the imputation of forgery of the name of the subscribing witness, the blank form of the assignment, and the evident belief of the testatrix that she owned the stock at the time she made her will, and other circumstances in the case, so utterly discredit the testimony of the defendant Sullivan regarding the alleged gift by his mother as to render it unworthy of belief.

The complainant is entitled to a decree for the stock and the dividends, with costs.