W. G. W. DISTRIBUTING COMPANY, a corporation, complainant-appellee,

*v.*

DOROTHY LOWY and HARRY P. LOWY, defendants-appellants, and ANNE M. WILSON and SYLVAN B. KRAUSE, guardians of Walter Karl Wilson, Jr., John J. Gaffey, guardian *ad litem,* of Walter Karl, Wilson, Jr., Rosa N. Liberles and Harry McLaughlin, defendants-appellees.

[Submitted October term, 1935. Decided January 31st, 1936.]

*Messrs. Kessler & Kessler (Mr. Samuel I. Kessler),* for the defendant-appellant Dorothy Lowy.

*Mr. Jacob L. Newman, Mr. Lionel P. Kristeller* and *Mr. Saul J. Zucker,* for the defendant-appellee Harry McLaughlin.

The opinion of the court was delivered by

BODINE, J.

An appeal from a decree of an interpleader action brings before the court the respective claims of Harry McLaughlin and Dorothy Lowy to a liquidating dividend in a quarter interest in the W. G. W. Distributing Company. The appeal of Harry P. Lowy was not perfected and there is no appeal by any party from the claim of Mrs. Liberles, the legal owner of a three-quarter interest in the company. The case concerns the preferred stock since that is the only stock that can participate in the liquidation. The court of chancery quite

properly decided that the claims of both McLaughlin and Miss Lowy arose in equity and that since the former was prior in time it could not be disturbed by a subsequent equity.

The W. G. W. Distributing Company was organized November 15th, 1933, by Walter Karl Wilson, Jr. Prior to organization, McLaughlin advanced to him $2,500 to be secured by a pledge of a one-quarter interest in the company. The company, when organized, had outstanding one hundred shares of preferred stock, seventy-five shares of which were transferred to Mrs. Liberles, and the other twenty-five remained in the possession of Wilson, together with fifty shares of common stock. McLaughlin bases his right to the liquidating dividend on twenty-five shares of preferred stock because of the advance of money to justify the issuance of this stock. He has no standing at law but in equity the proofs showed the advance of money for a specific purpose, which gives rise to this claim. Although McLaughlin's advances were over a period of months they commenced before the organization of the company and were completed at or about that time. The Lowy claim arose by a payment of $2,500 upon the organization of the company and was evidenced by a letter dated November 17th, 1933, in which a promise was made to endorse stock, when received, to evidence the ownership. On December 14th, 1933, Wilson wrote that he had endorsed twenty-five shares of preferred stock and twelve and one-half shares of common stock to Dorothy Lowy and was attaching a copy of his letter to the stock. He did not endorse the stock but he did put a copy of the letter in his safe deposit box with the stock. He had previously, and on December 4th, 1933, written a letter to McLaughlin stating that he had a $2,500 interest in his holdings in the W. G. W. Distributing Company. A copy of this letter was also in the safe deposit box.

It is quite clear that the respective claimants had rights against the same stock cognizable only in equity. It is equally clear that Wilson intended that each should benefit by a one-quarter interest in the concern. Since McLaughlin's claim arose first he is entitled to such rights as he had as against a subsequent equity.

It is argued that there was a legal transfer of the stock to Dorothy Lowy. Under the Uniform Stock Transfer act of 1916 (*P. L. p. 398*), title passes (a) by delivery of the certificate endorsed by the person appearing to be the owner. This was not done or (b) by delivery of the certificate and a written assignment or a power to sell and transfer. There was no delivery of the certificate, and further the letters do not seem to be either an assignment or a power. But at all events the failure to deliver would be fatal to the assertion of legal title. As before indicated, the rights of Miss Lowy were equitable only and arose subsequent to the rights of McLaughlin.

The decree appealed from is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.