In the matter of the estate of SARAH E. CARTER, deceased.

———

ANSON A. CARTER, as sole residuary beneficiary under the last will and testament of SARAH E. CARTER, deceased, and as executor of the last will and testament of Sarah E. Carter, deceased, appellant,

*v.*

FIDELITY UNION TRUST COMPANY, as executor of the last will and testament of Mary Emma Johnson, deceased, respondent.

[Submitted May term, 1936.   Decided October 2d, 1936.]

*Mr. George S. Hobart* and *Mr. John J. Gaffey,* for the appellant.

*Mr. Wallace R. Chandler, Jr.,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

The case revolves around a disputed claim against the estate of Sarah A. Carter, deceased, on a promissory note held by respondent trust company as executor of the will of Mary Emma Johnson, the payee named in said note. The note was due November 15th, 1930, so that the six-year statute of limitations has not yet run. Mrs. Carter died in April, 1931, leaving a will in which she appointed the appellant, her son, as sole executor, and gave him all her residuary estate after payment of debts and funeral and testamentary expenses. He proved the will, and took the usual orders limiting and barring creditors, but filed no account, relying on the exemption in section 120 of the Orphans Court act (*Comp. Stat. p. 3855*) in such case made and provided. After the order barring creditors, the respondent trust company presented a claim on the note, which the executor rejected; and thereupon the trust company applied by petition to the orphans court, setting up the facts, and particularly that no inventory or account, nor any refunding bond had been filed; and praying, substantially in the language of section 80, which relates to claims barred by decree, that the "court may investigate and examine this matter and the condition of the estate and may order the debt of the petitioner to be paid out of the assets remaining in the hands of Anson A. Carter, as executor, or that said Anson A. Carter, whether as executor or otherwise, may be required to account to the petitioner on account of said debt and pay same, and that your petitioner may have such further relief in the premises as may be just."

The orphans court ordered an account to be filed, as was proper (*In re Seipel, 117 N. J. Eq. 239*) and it was filed accordingly. It disclosed that the executor, after paying debts and charges, had some $84,000 in his hands as executor, adding under the subtitle "Statement of Assets" this paragraph:

"This accounting is made pursuant to an order of the orphans court of Essex county, dated January 3d, 1935. At

the time this accounting is made there are no assets of the estate of Sarah E. Carter in the hands of the accountant or under his authority or control."

To this rather paradoxical statement the claimant excepted, on the ground that the account should show where the balance was, and how distributed, if such were the fact. Carter then amended the account to show that the balance had been paid over by himself as executor to himself individually; reserving the right to object that the claimant had no interest in the estate as a creditor or otherwise; again adding that there remained no assets of the estate in the hands or under control of the executor. Thereupon the orphans court, upon exception by the respondent claimant, ordered Carter to file a refunding bond to himself as executor for the balance so distributed to him, "in due form according to law." (The form is prescribed in the "act concerning legacies;" *Comp. Slat. p. 3087; Rev. of 1877 p. 580; Nixon's Digest (1868) 502*). From that order, Carter "as sole residuary beneficiary under the will" appealed to the prerogative court, and the order having been there affirmed, now appeals to this court.

The first point made here is that the orphans court had no jurisdiction to order the legatee to execute a refunding bond. This seems to be merely a play upon words. Where the same person is both executor and legatee, he is certainly amenable to the court as executor, and the court has unquestionable jurisdiction to order the executor to demand and procure the bond from himself as legatee. It is the executor's duty in protection of undisclosed creditors who may later appear. This was substantially the situation in *Keppelmann* v. *Keppelmann, 89 N. J. Eq. 390; 105 All. Rep. 140,* where Vice-Chancellor Lane (at *p. 393*) pointed out that executors who were also trustees upon distribution should make refunding bonds as trustees to themselves as executors, failing which they would be liable as executors. The decision was reversed, *91 N. J. Eq. 67; 108 All. Rep. 432,* but on the sole ground that a state of war existed which overrode our statute in favor of the alien property custodian. We think it is mere casuistry to attempt to evade a responsibility as executor to take a

refunding bond on the ground of identity of executor and legatee. The refusal of the legatee to execute the bond is the refusal of the executor to demand it.

The case in its essence appears to be this: on closing an estate, each distributee is required by law to give a refunding bond, conditioned for a return of the share so distributed or a proportionate part thereof, "to discharge any debt * * * which the said executor or administrator may not have other assets to pay." The bond, nominally to the executor, is for the benefit of the creditor, and suable by him in the name of the executor. The statute regards favorably the interest of creditors. If they fail to present claims before order barring creditors, they may not recover against the executor who has acted as required by law; but they still have a remedy against surplus assets before actual distribution (section 72) ; or against other assets found by the creditor after final settlement of the account (section 70, *proviso*), or against legatees who have given refunding bonds (section 78) or even if they have not given them. *McCartin* v. *Traphagen's Adm'r, 43 N. J. Eq. 323,* cited in appellant's brief. It seems idle to say, as appellant has said, that respondent has no standing because no suit was ever brought on the claim, and it is disputed. The very object of requiring a refunding bond is to enable a suit to be brought thereon. Appellant urges that the orphans court would have no authority to order the executor to pay the claim, because it is so disputed. The orphans court has not been asked so to order. It has authority, however, to require the executor to obtain a refunding bond, and to hold him liable if he does not, section 79. *Keppelmann* v. *Keppelmann, supra.* And we are clear that a claimant against the estate has the status of a "creditor" to apply for such an order to the end that the claim may be either established or rejected in a proper action. In *Pratt* v. *Boody, 55 N. J. Eq. 175,* the court had the precise situation of an executrix being sole legatee and taking over the estate after payment of claims presented. The vice-chancellor intimated (at *p. 181*) that a suit on the claim under these conditions would have to be in equity, but we are not concerned with that question at this stage. What

we are concerned with is the point that a claimant, presumptively *bona fide* (and in this case a claimant producing a promissory note of the deceased) is entitled to ask, and the orphans court to grant, an order for a refunding bond covering the assets distributed to the legatee. It is said that a refunding bond is needless, because the creditor has a direct right of action against the legatee, as already noted. But that right exists independent of statute. *3 Wms. Exrs. \*1313-4*, cited in *Pratt* v. *Boody, supra;* and the statute simply provides another remedy by suit on the refunding bond. It can hardly be argued even with plausibility that because there is an extra-statutory remedy, the remedy contemplated and provided by the legislature should be denied in the courts. The requirement of a refunding bond seems purely statutory, and apparently peculiar to the United States. *3 Wms. Exrs.* (*Randolph & Talcott ed.*) note to *p. \*1314 (p. 799 Am. ed.*). In New Jersey, the statute dates back to 1774. *Allinson's Laws 442*. The creditor may elect his remedy, whether directly against the legatee independent of the statute, or on the bond under the statute. If he elect the latter course, it is within the power, and we think the duty, of the court to put him in the way of pursuing it.

We conclude that a claimant, presumptively *bona fide,* who has failed to put in his claim before order barring creditors was made, may resort to assets distributed to a legatee in a suit based on such claim, either on a refunding bond or at large, and if the former, such claimant has a status to pray, and the orphans court has jurisdiction to order the executor to procure a refunding bond from the legatee in case no such bond has been filed.

The decree under appeal will therefore be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.