This is a continuation of the litigation, the first phase of which was In re Carter, 120 N.J. Eq. 578. Complainant executor of the will of Mary E. Johnson, deceased, holds a promissory note for $3,000 dated November 15th, 1929, made by Sarah E. Carter and payable to the order of Miss Johnson in one year after date. A few months after the note fell due, Mrs. Carter died, leaving a will in which she named the defendant, Anson A. Carter, executor and bequeathed to him her residuary estate. Mr. Carter qualified as executor and turned over to himself the residuary estate. He has failed to execute a refunding bond. The complainant prays that Mr. Carter pay the note. He moves to dismiss the bill on grounds hereafter stated.
When an executor has distributed the estate among legatees and afterward a debt of the decedent appears, the legatees are bound to refund at the instance of the creditor, even though they have given no refunding bonds. Defendant concedes that this is the rule but insists that complainant must sue at law rather than in equity. The English precedents, from the days of the Stuarts to the present time, are uniform, and establish that the creditor's relief is found in chancery. Jewon v. Grant, 3 Swanst. 659;36 Eng. Rep. 1012; Noel v. Robinson, 1 Vern. 94; 23 Eng. Rep. 334;Anon. 1 Vern. 162; 23 Eng. Rep. 388; Hodges v. Waddington, 2Ventr. 360; 86 Eng. Rep. 485; Newman v. Barton, 2 Vern. 205;23 Eng. Rep. 733; Davis v. Davis, Dick. 31; 21 Eng. Rep. 178;Gillespie v. Alexander, 3 Russ. 130; 38 Eng. Rep. 525; March
v. Russell, 3 My. Cr. 31; 40 Eng. Rep. 836; Noble v. Brett,24 Beav. 499; 53 Eng. Rep. 450; Ridgway v. Newstead, 2 Giff.492; 66 Eng. Rep. 206; affirmed, 3 DeG., F. J. 474;45 Eng. Rep. 962; Thomas v. Griffith, 2 Giff. 504; 66 Eng. Rep. 211;affirmed, 2 DeG., F. J. 555; 45 *Page 80 Eng. Rep. 736; Jervis v. Wolferstan, L.R. 18 Eq. 18. Ridgway
v. Newstead held that the suit of the creditor was subject to the equitable defense of laches, and in Blake v. Gale, L.R. 32Ch. D. 571, the court of appeal said, "the right of the creditors to follow assets which have been distributed without providing for their debt, is a right only in equity."
Our own reports present the decision of Vice-Chancellor Emery in Pratt v. Boody, 55 N.J. Eq. 175, that "this liability of legatees is an equitable liability, independent of statute and is not a legal liability except to the extent provided by statute under our Orphans Court act, section 67." The section mentioned provides for refunding bonds. Our court of errors and appeals, inIn re Carter, supra, commented on Vice-Chancellor Emery's intimation that suit would have to be in equity, and added, "but we are not concerned with that question at this stage."
The defendant relies on Primmer v. Baldwin, 1 N.J. Mis. R.95, in which Mr. Justice Trenchard refused to strike a complaint of creditors against legatees. He did not discuss whether the suit was properly maintainable at law and the only authority he cited was McCartin v. Traphagen's Adm'r., 43 N.J. Eq. 323. In that case, Vice-Chancellor Van Fleet stated the liability of a legatee to refund but did not suggest that the creditor might obtain judgment at law against the legatee. I know of no case that so holds, save only Primmer v. Baldwin, supra. That case goes on the theory, I suppose, of an action for money had and received by the legatee for the use of the creditor. In Lloyd
v. Rowe, 20 N.J. Law 680, a suit on a refunding bond, Mr. Justice Carpenter said of the liability of a legatee who had not given bond, "it would be the common case of money paid by mistake, not legally due." In Harris v. White,5 N.J. Law 495, the remedy was enforced at law by way of set-off, in a suit brought by the legatee against the executor. Chief-Justice Kirkpatrick rested on the principle that "a legacy being paid remains as a legacy in the hands of the legatee even after payment, until all debts are paid," meaning "that the money even in the hands of the legatee for this purpose, continues to be the property of the executor; the legatee is but the keeper of it *Page 81 
for his use." Although the executor may recover from the legatee in an action for money had and received, it seems doubtful whether a third party, a debtor, could maintain the action since privity of contract, express or implied, is a necessary element.Sergeant v. Stryker, 16 N.J. Law 464; Nolan v. Manton,46 N.J. Law 231; Westcott v. Sharp, 50 N.J. Law 392.
"When courts of law have, of their own motion, extended their jurisdiction over cases theretofore solely cognizable in equity, the jurisdiction of the latter courts has been in no respect abridged, although when the jurisdiction at law has become well established, the equity jurisdiction has been in some cases declined." Sweeny v. Williams, 36 N.J. Eq. 627. When the primary right is legal and the remedy at law is adequate, certain and complete, equity remains passive. Bellingham v. Palmer,54 N.J. Eq. 136; Commercial Casualty Insurance Co. v. SouthernSurety Co., 100 N.J. Eq. 92; 101 N.J. Eq. 738. In the present instance, the jurisdiction at law is not well established, and it is doubtful whether the primary right is legal. Therefore the bill will not be dismissed for the reason that complainant has an adequate legal remedy.
The defendant also points out that he is sued only in his individual capacity as legatee and not as executor, and that the bill does not aver that the alleged debt has been allowed by the executor or established by judgment at law or otherwise. The executor is not a necessary party; the validity of the claim against the estate can be determined in this suit against the legatee. Thomas v. Griffith, supra; Pratt v. Boody, supra.
Complainant, uncertain of the proper remedy and fearful that suit on the note would shortly be barred by the statute of limitations, instituted an action at law against Mr. Carter at about the same time it filed its bill. Defendant urges the pendency of the law action as an additional ground for dismissing the bill. Complainant will not be permitted to pursue both remedies at the same time. It must elect which one to prosecute and the other will be stayed. Motion to strike the bill denied. *Page 82