JOSEPHINE E. ZOLLER, EXECUTRIX OF THE ESTATE OF JOHN JOHNSON, DECEASED, PROSECUTRIX, v. STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, RESPONDENTS.

Submitted January 16, 1940—Decided March 20, 1940.

Before Justices BODINE and PERSKIE.

For the prosecutrix, *Ziegener & Brenner* (*Robert H. Brenner*, of counsel).

For the respondents, *James A. Hamill* and *Frank P. McCarthy.*

The opinion of the court was delivered by

PERSKIE, J. This is a tax case. The question requiring decision is whether prosecutrix held the stocks assessed as of October 1st, 1937, for the tax year of 1938, in her personal right as owner, as she claims, or whether she held the stocks in her representative right as the executrix of the estate of John Johnson, as respondents claim.

From the meager proofs submitted we learn that John Johnson (hereafter referred to as Johnson), a resident of Jersey City, was a patient in a hospital. Apparently upon entering the hospital he took with him his stock holdings and delivered them to the "head of the hospital." Among the stocks so delivered were 150 shares of American Telephone and Telegraph Co., 100 shares of Associated Gas and Electric Co., and 200 shares of General Gas and Electric Co. Pursuant to instructions by Johnson while living, the head of the hospital delivered the physical possession of the stated stocks to one Josephine E. Zoller, also a resident of Jersey City, and who is the prosecutrix here.

Thereafter, on June 21st, 1937, Johnson died. By his last will and testament, dated June 1st, 1937, he devised his entire estate, after the payment of his just debts, funeral expenses, &c., solely to Josephine E. Zoller in consideration of the "care, attention and services" which she and her mother rendered him during the fourteen years that he lived at their home.

On July 7th, 1937, Johnson's will was probated and Josephine E. Zoller qualified as the executrix therein named. A decree barring creditors, effective January 7th, 1938 (*R. S.* 3:25-3), was entered.

Upon ascertaining that the stated stocks were part of Johnson's estate, the local assessors levied an assessment of $22,000 against prosecutrix in her name as executrix of the estate of Johnson (*R. S.* 54:4-10), as representing the value of the stocks as of October 1st, 1937, for the tax year of 1938.

Prosecutrix appealed from that assessment to the Hudson

County Board of Taxation with the result that the assessment levied was set aside.

The city of Jersey City then appealed from the judgment of the Hudson County Board of Taxation to the State Board of Tax Appeals with the result that the local assessment levied was determined to be in all respects proper and correct. The judgment of the county board was reversed and the assessment as levied in the first instance by the local assessors was reinstated. It is the propriety of the judgment of the State Board of Tax Appeals that is here challenged.

We are firmly of the opinion that the State Board of Tax Appeals reached a correct result.

1. Our Taxing act ·(article 4, Assessment and Collection of Taxes), provides that:

"Personal property in the possession or control of a person as * * * executor * * * shall be assessed in his name as such, separate from his individual assessment, * * * but the personal property belonging to the estate of a deceased shall be assessed in the taxing district where the decedent resided at the time of· his death * * *." *R. S.* 54:4-10.

The presumption is that the assessment as levied is correct. Until overcome by persuasive proof that it is incorrect (*Tennant* v. *Jersey City,* 122 *N. J. L.* 174; 4 *Atl. Rep.* (2d) 395; *affirmed,* 123 *N. J. L.* 200; 8 *Atl. Rep.* (2d) 325), the presumption of the correctness of the assessment levied continues in determining the value of personal property assessed (*New Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490; 193 *Atl. Rep.* 844), in determining the value of real property assessed (*Gannon* v. *State Board of Tax Appeals,* 123 *N. J. L.* 450; 9 *Atl. Rep.* (2d) 531), and it also continues when, as here, the question to be determined is the ownership of the personal property assessed. Has prosecutrix carried the burden thus imposed upon her? We do not think so.

The physical acquisition of the stocks from Johnson in his lifetime does not in itself support prosecutrix' claim of personal ownership thereto. That bare circumstance falls far short of establishing a valid transfer of the stocks as required by our "Uniform Stock Transfer law." *R. S.* 14:8-27 (a) and (b). And a mere delivery of the physical custody of the

stock certificates, as here, without proof of actual transfer, or a written assignment, or power to transfer, although accompanied by words of gift, does not constitute a valid gift *inter vivos*. *Heyer* v. *Sullivan*, 88 *N. J. Eq.* 165, 168; 102 *Atl. Rep.* 248; *affirmed*, 88 *N. J. Eq.* 595; 103 *Atl. Rep.* 1052. Compare, *W. G. W. Distributing Co.* v. *Lowy*, 119 *N. J. Eq.* 372, 374; 183 *Atl. Rep.* 169.

2. That being so, it necessarily follows, in the conceded absence of proof to the contrary, that, during the lifetime of Johnson, prosecutrix merely occupied the position of being the physical holder of stocks belonging to him. Upon the death of Johnson these stocks continued to be part of his assets. Both proctors for prosecutrix and prosecutrix herself concede that these stocks were part of the assets of Johnson's estate. Notwithstanding this concession, prosecutrix, nevertheless, claims the personal right to the stocks because "she became the owner of the estate and received the assets thereof as her own immediately after the probate of the will."

That claim is posited upon the premise that, because no other person has any interest in the estate, because prosecutrix alone is entitled thereto, because prosecutrix was not obliged, under the stated circumstances, to file an inventory or settle her account of the estate (*R. S.* 3:10-2), prosecutrix was not obliged first to obtain an order of distribution to acquire, as she claims she did immediately after the probate of the will, the personal right of ownership to the stocks even though the six months period barring creditors (*R. S.* 3:25-3) and the one-year period within which to pay legacies (*R. S.* 3:26-1) had not expired.

No authority is cited, and we have found none, in support of prosecutrix' claim to the personal right of ownership of the stocks on the stated premise. We are unwilling to give judicial recognition to any such claim. There is nothing in righteousness and justice to support it. The mere circumstance that prosecutrix is both executrix and sole beneficiary under the will does not render her immune from the orderly and proper administration of the estate. Compare *Carter* v. *Fidelity Union Trust Co.*, 120 *N. J. Eq.* 578; 187 *Atl. Rep.* 334. Prosecutrix, as executrix, "is responsible for what

she should have on hand." *Cf. In re Ferguson,* 124 *N. J. Eq.* 573, 578; 3 *Atl. Rep.* (*2d*) 439; *affirmed,* 127 *N. J. Eq.* 14; 11 *Atl. Rep.* (*2d*) 107.

As we have seen, the stocks came into prosecutrix' possession as executrix of the estate. We have diligently searched the record for any proof to support a legal change in that possession as of the date when the assessment was levied. There is no such proof.

Prosecutrix, as executrix of the estate of Johnson, is no more entitled to the stock free from the tax assessed upon it than Johnson would have been had he been living at the time the assessment was levied.

In fine, prosecutrix has, in our opinion, utterly failed to overcome the presumption that the assessment as levied is correct.

Accordingly, the judgment of the State Board of Tax Appeals is affirmed, with costs.