Pursuant to the provisions of R.S. 1937, 3:13-9, Winifred Coughlin, as administratrix of the estate of Martin Fay, filed her affidavit in the Passaic County Orphans Court setting forth that said decedent was, in his lifetime, the owner of certain personal property consisting principally of postal savings certificates, building and loan association certificates, bonds and mortgages and cash; that all of said property was in the possession of Mary Judlowe and praying that she be required to make discovery with respect thereto. Thereupon an order was made and entered in that court requiring her to appear before it and make discovery, at the time and place therein specified, concerning all of said property.
Having been duly served with a copy of that order, Mary Judlowe, at the time and place therein designated, appeared and admitted before that court that the property in question was then in her possession and belonged to Martin Fay during *Page 474 
his lifetime. The certificates of stock and the bonds and mortgages in question showed that they had been issued and still were in the name of Martin Fay, and that no assignments of any of them or any interest therein had ever been made or endorsed by him in favor of Mary Judlowe or anyone else.
Based upon her said admission, that court, upon due application, thereafter made another order directed to and requiring her to show cause before it at the time and place therein specified why she should not be compelled to turn over the property in question to the administratrix. Although appellant appeared with her counsel pursuant to the mandate of that order, no testimony or evidence whatsoever was offered by her or on her behalf, she having refused to turn over the property in question merely because of decedent's alleged voluntary, but unfulfilled, promise to leave said property to her by will, whereupon the court made the turn over order now under review.
Based upon the cases of In re Dubois Estate,97 Atl. Rep. 728, and Heyer v. Sullivan, 88 N.J. Eq. 165;102 Atl. Rep. 248; affirmed, 88 N.J. Eq. 595; 103 Atl. Rep. 1052, appellant contends that the Orphans Court lacked jurisdiction and was without power to make the here challenged turn over order. In the face of the there asserted claims of title to and ownership of the there involved property, the Orphans Court in those cases clearly lacked jurisdiction and was without power to determine the issues of title and ownership there involved or, under the there existing circumstances, to make the there challenged orders.
In the case at hand, however, appellant neither claimed title to nor ownership of the property in question, but on the contrary admitted that the decedent was the owner thereof during his lifetime, resting her refusal to surrender same merely upon decedent's alleged voluntary, but unfulfilled, oral promise to leave it to her by will; which at most is tantamount to an unenforceable promise to make a gift.
No claim or question respecting the decedent's title to or ownership of the property itself having been here raised or presented for judicial determination, the Orphans Court, under the express provisions of R.S. 1937, 3:13-9, unquestionably *Page 475 
had the power to make the here appealed order which it properly made. In the cases cited, questions of title to and ownership of the property were involved and, of necessity, determined by the Orphans Court preliminary to and as the basis of its making of the there challenged orders. Obviously, those cases are clearly distinguishable from and wholly inapplicable to the case at bar.
The order appealed from will, for the reasons hereinabove expressed, be affirmed. *Page 476